JULIUS SANFORD AND ANOTHER *vs.* HERRICK P. FROST.

Under a contract to build a dwelling house the petitioners had finished it on the 7th of April, with the exception of a few hours' work, embraced in the contract, which was not done until the 27th of the following September, no reason being shown for the delay. Held that the sixty days allowed them by the statute for filing their lien, was to be reckoned from the 7th of April, and not from the 27th of September.

PETITION for the foreclosure of a builders' lien; brought to the Court of Common Pleas for New Haven County. The court found that the work was done by the petitioners under a contract with a former owner of the land to build a dwelling house upon the premises described in the petition, that the work under the contract was substantially completed on the 7th day of April, 1873, at which time the premises were conveyed to the respondent, and that further work of the value of $2.36 was done on the 27th day of September following, which work was necessary to the completion of the contract, and that the certificate of lien was filed on the 25th day of November, 1873.

Upon these facts the court (*Robinson J.*) passed a decree for the petitioners, and the respondent brought the record before this court by a motion in error.

*Watrous* and *Hamilton*, for the plaintiff in error.

*J. T. Platt*, for the defendants in error.

PARK, C. J.  The contract in this case was substantially completed by the 7th day of April, 1873, but a trifling amount of work was done under it on or about the 27th day of September, 1873.  No reason appears in the case for this long delay of nearly six months.  In the recent case of *Flint* v. *Raymond*, argued at the present circuit, (*ante,* page 510,) this court held, that there must be no unnecessary or unreasonable delay in completing a contract after it has been substantially performed, and that the lien must be filed within sixty days after such completion if a party wishes to avail himself of the benefit of the lien given by the statute.  The difference between the two cases seems to be, that in that case an attempt was made to show a reason for the delay, and in this case no reason appears.  But the fact must affirmatively appear, that there was no such unnecessary or unreasonable delay, for the burden of proof is upon the petitioner to bring his case within the provisions of the statute.

It is difficult to imagine a reason that would justify so long a delay in fully completing a contract after it had been substantially completed.  The courts of New York hold, on a statute similar to ours, that the lien must be filed within sixty days from the substantial completion of the contract.  There is good reason for such requirement.  Up to such completion, a person purchasing the property would be put upon his guard, but afterwards there would be nothing to inform him that a lien was intended to be placed upon the property.  In construing our statute we are disposed to be a little more liberal with mechanics and material men, but they should understand that any delay under such circumstances is dangerous.

There is manifest error in the judgment complained of, and it is reversed and the cause remanded.

In this opinion the other judges concurred.