## WILBUR S. PECK ET AL. *vs.* CHESTER H. BRUSH ET ALS.

Third Judicial District, New Haven, June Term, 1916.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Under General Statutes, § 4135, the claim for which a lien is allowed for materials furnished or services rendered, must arise by virtue of "an agreement with or by consent of the owner of the land." *Held* that in the absence of an express contract, it was sufficient if the materials or services were furnished with the consent of the landowner, so that an implied contract existed for their payment.

The sixty days within which the written certificate of lien, required by § 4136, must be filed, does not begin to run until the lienor has ceased to perform services or to furnish material, that is, until he has substantially completed his undertaking.

Having agreed with a landowner to furnish materials for the construction of his house, the plaintiffs supplied the material from time to time as ordered, until November 5th, 1912. At this time the house lacked plumbing, a portion of the basement required lath and plaster, and the bathroom and a closet were still to be put in. Early in January, 1913, the plaintiffs insisted upon the payment of their account, but upon being informed by the owner that he was unable to obtain a loan upon the property until the plumbing had been installed, they agreed to obtain and supply the plumbing material and to furnish a plumber to do the work, all of which they did, and upon the completion of the building in March, 1913, duly filed a lien for all the material which they had furnished and for the plumber's services. *Held:*—

1. That the house was not substantially completed in November, 1912, inasmuch as the things which then remained to be done constituted essential features or parts of the building.

2. That in the absence of any finding to that effect, it could not be said that there were two distinct, independent agreements for furnishing material, as contended by the defendant, and that therefore the plaintiffs had acted properly in including all the material and services in a single certificate of lien.

3. That although the services of the plumber were not covered by the original agreement, a claim therefor might properly be included in the certificate of lien, inasmuch as that was seasonably filed.

A grantee of land subject to a recorded lien, who takes his conveyance with full knowledge of all the facts, is in no better position than his grantor with respect to making objections to items in the lienor's claim.

Upon an appeal from a judgment of foreclosure, this court will fix the time for redemption, where the date originally designated by the trial court has gone by pending the appeal.

Argued June 6th—decided July 27th, 1916.

ACTION to foreclose a mechanic's lien on real estate, brought to and tried by the Court of Common Pleas in Fairfield County, *Wilder, Acting-Judge;* facts found and judgment rendered for the plaintiffs, and appeal by the defendant Chester H. Brush. *No error.*

*Spotswood D. Bowers,* for the appellant (defendant Brush).

*J. Moss Ives,* with whom was *George Wakeman,* for the appellees (plaintiffs).

THAYER, J. This is the same case which, upon a former appeal, was heard by us, and is reported in 89 Conn. 554, 94 Atl. 981.

The principal ground of the appellant's present appeal is that the plaintiffs could have no lien for the materials furnished by them unless the same were furnished under an express contract, and that there was no such contract. So far as important in this case, General Statutes, § 4135, under which the lien was filed, reads as follows: "If any person shall have a claim for more than ten dollars for materials furnished or services rendered in the construction, raising, removal, or repairs of any building, or any of its appurtenances, and such claim shall be by virtue of an agreement with or by consent of the owner of the land upon which such building is erected or has been moved, . . . such building with the land on which it stands shall be subject to the payment of such claim. Such claim shall be a lien on such land, building, and appurtenances. . . ." It

seems entirely clear from the reading of the statute as it now stands, that it is not requisite to the existence of a mechanic's lien for materials and services furnished that they should have been furnished under an express contract, as claimed by the defendant. Literally the *claim* must be by virtue of an agreement with or by consent of the owner of the land; and, without looking at the history of the statute, it is apparent from its language that the intention is to give a lien when the *materials* or *services* are furnished either by virtue of an agreement with or by consent of the owner of the land. If we look at the history of the statute it is entirely clear that this is what it means. The original statute, passed in 1855, was substantially the same as it is found in the Revision of 1875, where it reads: "Every building, in the construction, or repairs of which, or any of its appurtenances, any person shall have a claim for materials furnished, or services rendered, exceeding twenty-five dollars in amount, shall, with the land on which the same may stand, be subject to the payment of such claim; and said claim shall be a lien on such land, building and appurtenances. . . ." Here nothing is said about the materials being furnished, or the claim arising, by virtue of an agreement with or by consent of the owner of the land. By the Public Acts of 1875, Chapter XV, an amendment was made to this statute by which there was inserted after the words "twenty-five dollars in amount," the words "by virtue of an agreement with or by consent of the owner of the land," so that the statute read as it afterward appeared in the Revision of 1888, § 3018, and gave a lien to any person who furnished materials or services in the construction or repair of a building, exceeding twenty-five dollars in amount, by virtue of an agreement with or by consent of the owner of the land. The language of the original statute was very broad. It gave occasion for

persons to claim liens for material and services furnished without the request and against the prohibition of the owner of the land benefited. *Spaulding* v. *Thompson Eccl. Society*, 27 Conn. 573. In the case cited, the lienor failed upon another ground, but the opinion suggests that the statute might be invalid upon constitutional grounds if construed to give a lien under the circumstances of that case. The amendment referred to was doubtless made to answer this objection and to make it clear that to warrant a lien the services and material must be furnished either under an agreement with or by consent of the owner of the land, that is, by virtue of contract, either express or implied. Other sections of the statute provide for liens in favor of subcontractors. But clearly under § 4135 it is not necessary that the materials shall be furnished under an express contract, but it is enough if they are furnished with the consent of the owner of the land, so that there is an implied contract by him to pay for them.

As the defendant's claim, that there must have been an express contract to sustain the plaintiffs' lien, is wrong, it is unnecessary to consider his numerous requests for corrections in the finding to support his claim that there was no express contract to furnish the materials in question.

It is agreed that the plaintiffs, at the request of Kolpa, the owner of the land in question, furnished him with material for the construction of a house thereon which he told them that he was to build. Material was furnished as Kolpa called for it, beginning in August, 1911, until November 5th, 1912, small payments being made from time to time, so that on November 5th, 1912, there was a balance of $767.75 unpaid thereon. The house was not then completed. Kolpa had other employment, but in addition to that worked, with and without the assistance of others, upon the construction

of the house, the construction being delayed in consequence of his method of procedure. The plaintiffs while furnishing materials had sent Kolpa monthly statements, and continued to do so until January 1st, 1913, when such statement was sent accompanied with a request that he see them as quickly as possible. He called upon them soon after and informed them that he could not get a loan upon his property until the house was completed and the plumbing installed. At this time, besides the plumbing, there yet remained the lathing and plastering of a part of the basement, and the bathroom and closet had not been put in. The plaintiffs were not plumbers or dealers in plumbing material, but they told Kolpa that they would furnish all the material and furnish a plumber to install the work. This they did, completing the work in March, and within sixty days thereafter filed their lien wherein they claimed for the whole amount due them, which included the amount due for material furnished prior to November, 1912, as well as that furnished in 1913. The defendant, who purchased the premises after the foreclosure suit was brought and thus stands in the shoes of Kolpa, claims that the transaction relative to the material and labor furnished in the year 1913 was distinct and separate from that under which material was furnished prior to November 5th, 1912, and that it could not be tacked on to the prior transaction so as to revive or continue the plaintiffs' right to claim a lien for the balance due in November. He also claims that the transaction by which the plumbing supplies and labor were furnished was nothing more nor less than an agreement to let Kolpa have the use of the money, paid for the plumbing material and labor of placing it, for a commission of ten per cent.

To support the last-mentioned claim, a change in the finding of the trial judge is necessary, and this the de-

fendant asked the judge to make. One of the errors assigned is the refusal of the trial judge to make the change requested. An examination of the evidence which is made part of the exceptions to the finding does not satisfy us that the trial judge was wrong in his finding or refusing to find as requested. No change can be made in the finding, and this disposes of this claim of the defendant.

Section 4136 of the General Statutes requires that the person claiming a lien shall file a written certificate thereof with the town clerk within sixty days after he has ceased to perform services or furnish materials. The remaining claim of the defendant is that, as the lien in this case was not filed within sixty days after the 5th of November, 1912, and as the furnishing of the materials in 1913 and those in 1911 and 1912 were, as he claims, different transactions, the plaintiffs' lien can cover only the claim for materials furnished in 1913. If the furnishing materials from August, 1911, to November 5th, 1912, was a distinct transaction completed on the latter date, there would be foundation for the defendant's claim. We have held that the time for filing the certificate of lien begins to run from the substantial completion of the furnishing materials or services, and is not extended by trivial work deferred, or by work or materials furnished for the same building under a new contract with a different contractor and completed after such substantial completion. *Flint* v. *Raymond,* 41 Conn. 510, 513; *Sanford* v. *Frost,* 41 Conn. 617, 618; *Booth* v. *VonBeren,* 82 Conn. 298, 306, 73 Atl. 775. But in the present case the facts do not show that the arrangement entered into in August, 1911, was even completed or substantially completed until March, 1913. The work of building the house was slow and desultory, the owner apparently endeavoring to do a large part of the work himself. The plaintiffs had no

control over it. The different orders filled by them were, so far as appears, small in amount, the first being for $13.63, the second for $7.84, the third for $11.35. This work dragged along, Kolpa ordering materials as he needed them and the plaintiffs furnishing them as they had agreed to do. The house was not completed in November. There still remained a bathroom and closet to be constructed, a part of the basement to be lathed and plastered, and a sink, bathtub and other plumbing fixtures to be furnished and installed. These were not trivial matters, left after the substantial completion of the building by a contractor who had it in his power to complete it at once. They were essential parts of the building, as shown by the fact that Kolpa was unable to secure a loan upon the property until these materials were furnished and installed. The original agreement of the plaintiffs was to furnish the materials to build the house. There is no finding that these materials were not included in the agreement, or that either of the parties to it did not in November, 1912, understand that they were to be furnished by the plaintiffs. By the talk in January, 1913, the plaintiffs undertook to furnish a plumber to do the plumbing work. This was not included in the former arrangement. This did not disconnect the furnishing of the material from the original agreement or indicate that it was not originally included in it. Nor did it terminate the original agreement as of November 5th, 1912. In the absence of a finding that the plumbing material was not to be furnished under the original agreement, it cannot be said that the furnishing of it by the plaintiffs was not a part of the transaction then agreed upon. It is said that the plaintiffs were not plumbers and did not carry a stock of plumbers' goods. But persons frequently agree to furnish others with goods not kept in stock, and no strong inference arises from this fact that the plain-

tiffs were not specifically, under their original agreement, to supply the materials to be used in plumbing the house. This being so, the time for filing the certificate of lien for the materials furnished in 1911 and 1912 did not expire until the time when the certificate was in fact filed.

The labor of the plumber supplied by the plaintiffs was not furnished under the original agreement, but as the certificate of lien was, for the reasons given, filed in time, it was proper to include this item in the claim.

The only appellant is the defendant Brush, who took a conveyance of the property after the certificate was filed with full knowledge of all the facts, and he is in no better position than his grantor, Kolpa, would be to object to the inclusion of this item in the plaintiffs' claim.

As by reason of this appeal the judgment as rendered cannot have been executed within the time assigned, the time limited for redemption and for the issuance of execution are extended from the first, second and third Tuesdays of April, 1916, to the first, second and third Tuesdays, respectively, of September, 1916.

There is no error.

In this opinion the other judges concurred.