THE MARTIN TIRE AND RUBBER COMPANY *vs.* THE
KELLY TIRE AND RUBBER COMPANY.
APPLICATION OF THE CHARLES R. HEDDEN COMPANY.

Third Judicial District, New Haven, June Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

The sixty-day period allowed by statute (§ 5218) for filing a certificate
of mechanic's lien, will be computed, ordinarily, from the date of
the last item of material furnished or services rendered; but if,
after the work is substantially done, the mechanic, materialman,
or contractor, unreasonably delays the completion of his job, the
time limited will begin to run from the substantial, and not the
final, completion of his work.

No trivial or inconsequential service or work, after the substantial
completion of the building, will extend the time for filing the certifi-
cate, or revive an expired lien, if an unreasonable delay has occurred
since the substantial completion; unless such additional work or
material be furnished at the request of the owner, when it will
serve to fix the starting-point for the sixty-day period.

The fact that the contract calls for this trivial work or service, is one
to be taken into consideration in determining whether the delay,
after substantial completion, is or is not unreasonable.

In the present case the parties were at issue as to the validity of the
applicant's lien, the defendants insisting that the factory building,
constructed for them by the applicant under a written contract,
was substantially completed on March 9th, and that the work done
thereafter, costing $1,156, was unreasonably delayed and was not
the subject of a lien, the certificate of which was filed on May 23d.
It appeared that after March 9th no material was furnished, and
that the only work done thereafter was by a carpenter on March
25th, and by the applicant's superintendent of construction up to
April 6th, in making alterations, cleaning up, and in getting the
applicant's equipment in condition to remove and in removing it
from the premises, as required by the contract. No express finding
was made by the trial court as to the date of the substantial com-
pletion of the building. *Held:*—

1.  That even if it were to be assumed that the building was substan-
tially completed on March 9th, as contended by the defendants, it
could not be said by this court that there had been an unreasonable
delay in finishing the contract undertaking, or that the work done
and services rendered after March 9th were inconsequential and
trivial.

2. That such work or alteration and of cleaning up the building, being required by the contract as a necessary part of the construction and being for the exclusive benefit of the owner, was sufficient to extend to April 6th the running of the sixty-day period for filing the certificate, and that the applicant therefore had a valid lien.

The statutes relating to mechanics' liens are to be construed reasonably, rather than strictly, in order to effectuate their purpose.

Argued June 7th—decided July 27th, 1923.

INTERVENING APPLICATION in receivership proceedings by the Charles R. Hedden Company, an alleged preferred creditor of the defendant, praying for an order authorizing and directing its receivers to pay the applicant $41,000 in settlement of its claim, brought to and tried by the Superior Court in New Haven County, *Banks, J.;* facts found and judgment rendered in favor of the applicant, from which the receivers of the defendant appealed. *No error.*

The finding recites the following facts: On May 23d, 1921, the Charles R. Hedden Company, petitioner herein, filed its mechanic's lien on land and a building of the defendant, the Kelly Tire and Rubber Company, which recites that the petitioner ceased furnishing material and rendering services on the building on April 6th, 1921. On May 24th, 1921, a temporary receiver was appointed by the Superior Court and on June 27th, two permanent receivers of the defendant were appointed. The petitioner furnished materials and rendered services in the erection and construction of a factory building for the defendant under a written contract between it and the petitioner. The receivers and the petitioner agreed in settlement upon the sum of $41,000, as the amount still due the petitioner under its contract, which sum was a part of the claim which was secured by its mechanic's lien. The petitioner subsequently released the lien, reserving its priority thereunder

to the fund which should be realized from the sale of the premises of the Kelly Company, and thereafter presented its claim as a preferred claim. The petitioner between March 7th, 1921, and April 6th, 1921, expended for services in the completion of this contract $1,156.79; of this, $151.75 was for a payroll on March 9th, 1921, for engineer, carpenter, foreman, tool-boy, bricklayer, and two laborers. After March 9th, 1921, no material was furnished, and the only labor furnished after that date was the services of a carpenter on March 25th, 1921, and of a civil engineer, the petitioner's superintendent of construction, who was employed up to and including April 6th, 1921, in cleaning up and making alterations, and getting petitioner's equipment in condition for removal and removing it from the job, as required by the contract. The services of the superintendent were rendered in completion of the contract for construction of the building, and were charged to the construction contract by the petitioner. No payments on account of the contract have been made since March 7th, 1921.

*Albert H. Barclay,* for the appellants (receivers of defendant).

*Henry F. Parmelee* and *Arthur W. Chambers,* for the appellee (applicant).

WHEELER, C. J. Defendant claims that the facts stated in paragraphs eight and eleven of the finding should be corrected because they are inconsistent and found without evidence. The petitioner, on the other hand, says that these are findings of fact made upon undisputed evidence. The statement in paragraph eight, that the petitioner continued to furnish services in the completion of the contract for the construction of the building, we regard as a mixed conclu-

sion of law and fact; that the conclusion of fact must have been found from the other facts in the finding, and hence the conclusion is reviewable. The statement in paragraph eleven, that the services of the superintendent were rendered in completion of the contract for the construction of the building, is the same sort of conclusion. Both of these conclusions depend upon the conclusion to be drawn from the subordinate facts together with a construction of the building contract, and the application of the subordinate facts to the contract so construed.

The defendant rests its appeal upon what it holds to be two principles of our law of mechanics liens which make the lien of the petitioner invalid. First, that since the building had been substantially completed on March 9th, the lien began to run from that date, and hence the sixty-day period in which the lien could be filed had expired. Second, that the only services detailed in the finding rendered after March 9th were for the civil engineer, who was the superintendent on the job, and for a carpenter for one day, and did not entitle the petitioner to a mechanic's lien. The defendant misconceives the proper application of the rule of substantial completion in determining the time from which the sixty-day period should be computed. The period for filing the lien under our statute (§§ 5217, 5218) "for material furnished or services rendered in the construction, raising, removal or repairs of any building," will be computed, ordinarily, from the date of the last item of material furnished or services rendered. The rule is one to be applied fairly to both the lienor and the owner. If, after the work is substantially done, the claimant for the material furnished or services rendered shall unreasonably delay the completion of the work, the date of beginning of the sixty-day period will be taken

as the date when the work was substantially done. No trivial or inconsequential service or work done after the substantial completion of the building will extend the time for claiming the lien, or revive an expired lien when an unreasonable period has elapsed since the substantial completion. If the article furnished or the service rendered be trivial, but be required by the terms of the contract of building, this fact will be taken into consideration in determining whether the elapsed period be unreasonable or not. And "where a service is performed or material furnished at the request of the owner, it will extend the time for claiming a lien or will revive an expired lien, as to a contract . . . substantially performed." 35 L. R. A. (N. S.) 904 note. Thus in *Nichols* v. *Culver*, 51 Conn. 177, it is held that trivial work done or material furnished will be sufficient to extend the time for filing the lien if done at the request of the owner, and not for the mere purpose of saving his lien.

We have held in *Flint* v. *Raymond*, 41 Conn. 510, and *Sanford* v. *Frost*, 41 Conn. 617, that there must be no unreasonable delay in completing work which has been substantially done, and that "work done after such delay will not be considered in fixing the sixty days allowed for recording the lien." In the first of these cases the delay was nine months and the work done covered three hours' work, and in the second the delay was six months, and the work done of trifling value. In *Cole* v. *Uhle*, 46 Conn. 296, the work was substantially completed November 15th, except as to two items, one of which was done on December 1st and the other February 27th, and in distinguishing this case from *Flint* v. *Raymond* and *Sanford* v. *Frost*, we said: "We think the case at bar is distinguishable from both of the cases above mentioned, not only in that the amount of work done after the

time for fulfilling the contract was greater, while the delay was comparatively short, but more especially in the fact that the reason for the delay must be regarded as sufficient against the original party to the contract, at whose special instance and request the work was so postponed." In *Peck* v. *Brush*, 90 Conn. 651, 656, 98 Atl. 561, we say: "We have held that the time for filing the certificate of lien begins to run from the substantial completion of the furnishing materials or services, and is not extended by trivial work deferred, or by work or materials furnished for the same building under a new contract with a different contractor and completed after such substantial completion." See, also, *Nichols* v. *Culver*, 51 Conn. 177, 183; note, 35 L. R. A. (N. S.) 904; Phillips on Mechanics' Liens, § 229; Boisot on Mechanics' Liens, § 481; 27 Cyc. 144; 18 R. C. L. § 62, p. 931.

To determine whether the period of the running of the mechanic's lien should begin with the date of the substantial completion of the contract, we must first ascertain the date of substantial completion. No express finding has been made in the instant case on this point. In its absence, defendant wishes us to draw the conclusion that there had been a substantial completion on March 9th, 1921. Assuming that this was a conclusion which we were entitled to draw upon the finding before us, we could not conclude that there had been an unreasonable delay in finishing the contract, or that the work done and services rendered after March 9th were trivial.

The amount expended by the petitioner under his building contract after March 7th, was $1,156.70; of this $151.75 was for a payroll on March 9th, for engineer, carpenter, foreman, tool-boy, bricklayer and two laborers. On March 25th, a carpenter provided his services. The balance of this amount was for the salary

of a civil engineer, the petitioner's superintendent of construction, who was employed up to April 6th, 1921, "in cleaning up and making alterations and getting petitioner's equipment in condition for removal and removing it from the job, as required by the contract." If the items of this amount or a substantial part were items for which a mechanic's lien would lie, they cannot be called trivial. The delay in furnishing these items, about a month, cannot be considered unreasonable, especially in view of the fact that they were furnished under the contract for the building and that there was a continuity in the rendition of services, and the work cannot be held to have ceased on any particular day prior to April 6th. The time limited by statute for filing the certificate was from the cessation of furnishing materials and rendering services in construction, and in this case the work may fairly be said to have been continuous. Where the work is continuous under the contract, the day when the work ceased must ordinarily be taken as the date of cessation of furnishing materials and rendering services, since there has been no unreasonable delay and no cessation of work. The work may be delayed after the work has been substantially completed, but that does not compel the contractor to file his lien within sixty days after the substantial completion. The construction best adapted for practical needs is that which we have already adopted: that the lien must be filed within sixty days from the cessation of work, but if there has been an unreasonable delay by the contractor in completing his work he cannot have the period for filing the lien extended beyond the date of substantial completion by some trivial material or services furnished, but that the owner may by his conduct or agreement extend the period for filing the lien which had determined by law.

So far as the construction of §§ 5217, 5218 is concerned, it makes no difference whether we apply the rule of strict or of liberal construction. The defendant is, however, wrong in invoking the rule of strict construction in reliance upon *Chapin* v. *Persse & Brooks Paper Works*, 30 Conn. 461, 470. That rule of construction as applied to our mechanic's lien law no longer prevails. "While we have recognized that the statute is in derogation of the common law, we do not compel a strict construction of its requirements, as this would render the statute useless, but we give it a reasonable construction, so as to effectuate the purpose of the statute." *Tramonte* v. *Wilens*, 89 Conn. 520, 523, 94 Atl. 978.

We now reach the second of the defendant's claims. Was the service rendered after March 9th, such as prevented the running of the sixty-day period? If the service were confined to the carpenter's day of work on March 25th, we should incline to the view that upon a contract of this magnitude this service was too trivial to furnish a basis for the extension of the running of the sixty-day period. The remaining service, in value nearly $1,100, was rendered by the superintendent of construction in work done by him under his employment and under the contract for the building. We should not upon this record be able to hold that the preparation for removal and the removal of the petitioner's equipment from this building was the rendition of such service as would warrant the filing of a mechanic's lien or fix the date of the running of the lien. But the alteration of the building, and the cleaning up of the building, is work which is a necessary part of the construction of the building, and work and service for the exclusive benefit of the owner. The superintendent of construction is upon the same basis as the mechanic under our mechanic's

lien law. The contract under which the petitioner worked was a single, indivisible one. The date of its completion fixed the time for filing the lien. There was no cessation of work until after the superintendent fulfilled his service under the contract. The sufficiency of the lien is not attacked. It was filed on May 23d, 1921, within sixty days of April 6th, 1921, when the petitioner ceased to furnish material or render service under its contract with defendant, and therefore the lien was valid.

There is no error.

In this opinion the other judges concurred.