[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE DEFENDANT RIVER ASSOCIATES, INC.'S MOTION FOR DISCHARGE OR REDUCTION OF MECHANIC'S LIEN (#104)
Before the court is the defendant River Associates, Inc.'s (hereinafter "River Associates") motion for discharge or reduction of mechanic's lien filed by the plaintiff Red Rooster Construction Co. (hereinafter "Red Rooster") in the amount of $501,507.00 arising out of the construction of certain condominiums and commercial space in the city of New Haven.
First, the court must point out the issues which are not raised. River Associates does not challenge the constitutionality (state or federal) of the mechanic lien statutes. See, e.g., Pinsky v. Ducan, ___ F.2d ___ (2d cir., 1990) (slip op. ); Roundhouse Construction Corp. v. Telesco Masons Supplies Co.,168 Conn. 371 (1975). And, of course, the court under ordinary circumstances cannot raise these issues on its own. Cf., New Haven Savings Bank v. Valley Investors, 174 Conn. 77, 83 (1977), compare with Society for Savings v. Chestnut Estates, Inc.176 Conn. 563 (1979).
Red Rooster, who entered into a construction contract with the River Associates, seeks to base its lien not on the balance due on the contract which is $208,402.36, but on the theory of quantum meruit (the reasonable value of the work performed) because the defendant breached the contract by not making the payments provided by the contract. A breach of contract or an unwarranted repudiation of a contract by the defendant entitles "the plaintiff to recover in quantum meruit for the reasonable value of the labor and materials already furnished by him." Martin v. Kavanewsky, 157 Conn. 514, 519 (1969); Rossetti v. New Britain, 163 Conn. 283, 292 (1972); Morici v. Jarvie, 137 Conn. 97,101-02 (1950). Nevertheless, this rule is not without exception. "A plaintiff who has fully performed his part of the contract, or has fully performed any divisible portion thereof for which a definite and separate payment in money is the agreed exchange, was allowed by the common law to maintain an action of indebitatus assumpsit for the amount due. He was not required to allege the express contract in his declaration. But if the defendant alleged and prove the terms of the contract, as he could do in spite of his own breach, the amount for which the plaintiff got judgment was the contract price; he could not recover more than that." Corbin on Contracts, 1110 (1964); see also 1111. CT Page 1545 Whether Red Rooster is entitled to the remedy of restitution or damages based upon breach of contract makes no difference under the facts of this case. The court would come to the same conclusion as to the probable amount of the damages to which Red Rooster is entitled to lien under either theory of damages.
It is clear, and Red Rooster concedes, that upon a hearing on the owner's application to discharge or modify a mechanic's lien, the lienholder — contractor has the burden of proving probable cause to sustain the validity of the lien — that is, that there is probable cause to believe the lien meets the statutory requirements and the probable amount of his damages. Section 49-35b(a) of the General Statutes provides, in part, the following: "Upon the hearing held on the application or motion set forth in49-35a, the lienor shall first be required to establish that there is probable cause to sustain the validity of his lien. " Paraphrasing the language defining probable cause used by the appellate court in Pero Building, Co. v. Smith, 6 Conn. App. 180,183 (1986): Probable cause is a bona fide belief in the existence of the facts essential under the law for sustaining the lien and such as would warrant a person of ordinary caution, prudence and judgment under the circumstances, in entertaining it. It is a flexible common sense standard. It does not demand that any belief be correct or more likely to be true than false. The party upon whom the burden rests does not have to establish that he or she will prevail, only that there is probable cause to sustain the validity of the lien. The court's role in such a hearing is to determine probable success by weighing the probabilities.
Red Rooster seeks to support its $501,507 mechanic lien on the basis of its costs ($924,240 direct and $110,041 overhead) and normal profit of 10% ($103,428) less payments and credits ($602,277) for the work completed on that portion of the property on which it did not waive its right to a mechanic lien. Nevertheless, its costs and anticipated profit is not the measure of probable reasonable value of the work completed.
Although under the theory of quantum meruit, the plaintiff is not limited by contract; "the contract price or rate agreed upon by the parties is admissible as evidence to show what is the reasonable value of the performance that the defendant has received." Corbin, supra, 1113. Red Rooster submitted requisitions for payments under the contract covering total billings in the amount of $1,698,854.14, which covered all the work which it completed. Mr. Berkowitz, the President of Red Rooster, testified that the requisitions represented his sworn value of the work completed. Taking into consideration the contract rate of compensation, that Red Rooster made no claim other than for the contract price until the filing of the lien, and the admissions made by Red Rooster through its requisitions, CT Page 1546 the court finds that the reasonable value of all the work performed at the project was $1,698,854.17. Since River Associates paid $1,490,451.78, there is a balance of $208,402.36, which is the amount the court finds that the plaintiff has proven to be probably due under both theories, contract and restitution.
The defendant River Associates argues that because the plaintiff Red Rooster abandoned the contract and seeks to proceed in quantum meruit, it waived its right to a lien because a lien must be "by agreement with or by consent of the owner of the Land." General Statutes, 49-33. There is no merit to this argument. It is clear that "it is not necessary that the materials [or labor] shall be furnished under an express contract, but it is enough if they are furnished with the consent of the owner of the land, so that there is an implied contract by him to pay for them." Peck v. Brush, 90 Conn. 651, 654 (1916).
The defendant River Associates next claims that the plaintiff Red Rooster waived its right to file a lien because it furnished a waiver of mechanic lien for all work through June 25, 1989. waiver is a question of fact; Hillhouse v. Duca, 101 Conn. 92, 102
(1924); and the burden is on the defendant River Associates. General Statutes, 49-35b. In accordance with 49-35b, this burden can only be met "by clear and convincing evidence." This unchallenged onerous statutory burden placed upon the property owner in order to discharge the lien against his property is substantially greater than the fair preponderance of the evidence burden of proof that would be required of the defendant to sustain its defense at trial on the foreclosure of the lien. Clear and convincing has been defined as follows: "[T]he burden of persuasion is sustained if the evidence `induces in the mind of the trier a reasonable belief that the facts asserted are highly probably true, that the probability that they are true or exist is substantially greater than the probability that they are false or do not exist."' Lopinto v. Haines, 185 Conn. 527, 534 (1981) (quoting Dacey v. Connecticut Bar Association, 170 Conn. 520, 537
(1976)).
In this case Mr. Berkowitz, the President of Red Rooster, testified that he delivered the waiver to the attorney for Red Rooster for the sole purpose of allowing one unit to close. The defendant River Associates has failed to sustain its burden that the waiver was unconditional.
In sum, the motion for reduction or discharge of mechanic lien is hereby granted to the extent that the mechanic lien is hereby reduced from $501,507.00 to $208,402.36.
ROBERT I. BERDON, Judge CT Page 1547