[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS FOR DETERMINATION OF PRIORITIES
This is a foreclosure action. The defendants, CT Page 4438 Consultants and Engineers, Inc. (hereafter "CE") and Surveying Associates, P. C. claim priority over the mortgage of the plaintiff as a result of mechanic's liens filed by them for work performed on the property which is under foreclosure by the plaintiff.
The mortgage to the plaintiff bank from the defendant, Ralto Developers, Inc. (hereafter "Ralto") was recorded on March 27, 1987. The mechanic's lien of CE was recorded April 16, 1990 in the Danbury land records. Surveying Associates recorded its mechanic's lien on September 25, 1990. The parties entered into a stipulation of facts with numerous attached exhibits, most of which are unnecessary to resolve the material issues. The plaintiff (hereafter "CBT") does not dispute compliance with the mechanic's lien statutes, except for failure of both CE and Surveying Associates to file a notice of lien within 90 days of completion of the work. The mechanic's lien claims here are factually distinct and are considered separately, although the result and legal concepts are the same in each case. CBT claims that its mortgage has priority over both mechanic's liens because: (1) the claims were not filed within 90 days after completion of the work as required by section 49-34 of the General Statutes; (2) there is an unreasonable gap between completion of the initial work on the subject property and performance of additional work; and (3) both lienors were fully paid as to all work performed before the recording of CBT's mortgage.
CE and its president, David Williamson, had previously worked for Ralto on several projects. Two officers of Ralto, Ralph Sergi, and John Todd, had discussions with employees of CE in 1986 about performing engineering services for a land development project on the property involved in this foreclosure action. Sergi and Todd are both officers in Ralto and Shelter Rock Corporation. At the time of the discussions, neither corporation owned the subject property, but it was later acquired by Shelter Rock Corporation on November 26, 1986. Ralto acquired the property, about 102 acres, on March 27, 1987, the same date that CBT issued its mortgage to Ralto. After CE representatives conferred with Sergi in November, 1986, preliminary road designs, buildings and maps were prepared by CT Page 4439 CE in December, 1986 and January 1987. The charges for that work, $1,725.00, were fully paid on April 20, 1987. (Exhibit 5.) Almost a year went by before CE performed additional work between December, 1987 and April 1, 1988, all subsequent to the CBT mortgage, but this work was also paid for. Additional engineering services furnished in July, August and September, 1988 were paid for on January 19, 1989. (Exhibits 9 — 11.) Significant additional engineering services were performed in 1989 and 1990. The amount charged for these services was much greater than for the services between late 1986 and the end of 1988. CE recorded a mechanic's lien for $36,474.00 on April 16, 1990 for the period between November 5, 1986 and March 14, 1990. A second lien, which overlaps the first one, was filed on October 2, 1990 for $56,694.00, covering the period between November 5, 1986 and August 26, 1990.
CE's claim that all of its services can be tacked together, even though all work performed before CBT's mortgage was recorded were paid, requires a ludicrous interpretation of the mechanic's lien statutes. In some cases under Connecticut law, the claimant can delay filing of a mechanic's lien until completion of all the work on the subject property provided that (1) there is no unreasonable delay in completing work which has been substantially done; (2) the extension of the time period is not caused by trivial work which is deferred, and (3) the work done in all segments of the job is related. See The Martin Tire Rubber Co. v. The Kelly Tire Rubber Co., 99 Conn. 396, 400, 401 and cases cited therein. While the work performed by CE was all on the same property, there were different phases of the same project which required additional requests for services from the developer. There is a material distinction between the preliminary maps and engineering work and subsequent engineering work for the specific, proposed land development project on the property. There was a gap of almost one year between the two phases of services, and all the preliminary services were paid for before the final, more detailed work began. Basically, Ralto retained CE as it needed its services, and there was no continuing contract between them.
There was no written contract or letters summarizing an oral agreement to perform all the work which CE eventually performed over a four year period. CE contends that the arrangement made in 1986 was an entire contract as opposed to a divisible contract. In fact, it was neither. There was insufficient proof of an agreement in 1986 to do the work to be performed in the later phases of what was then only a possible development project. Except for the preliminary work, there was at most an expectation that CE CT Page 4440 would be retained if and when engineering services were needed. What existed here was a series of agreements to perform services which arose as the project progressed.
Section 49-34 of the General Statutes provides that a mechanic's lien is not valid unless the person performing the services or furnishing the materials files a copy of the mechanic's lien with the town clerk where the land is located within 90 days after the work has terminated. More than 90 days elapsed between the completion of the preliminary work in late 1986 and early 1987 and the commencement of additional work in December, 1987. CE never filed a mechanic's lien at any time in 1987. In fact, the lien was not filed until April 16, 1990. The lien does not conform with section 49-34 of the General Statutes.
This is not a continuous contract. Where labor is performed or materials are furnished after the original work is completed, the contract is not continuous. 53 Am.Jur.2d 715, Mechanic's Liens, Sec. 197. While all the work in early 1987, in December, 1987 and later years was for engineering services, there was an insufficient connection between the phases of the work to claim a mechanic's lien. If CE had a valid claim, it should have filed it within 90 days after completion of the preliminary work on the property.
Even if these distinct claims for services could be tacked together, the right to make a continuing contract claim was defeated by the fact that all of the initial services in 1986, 1987 and 1988 were fully paid for more than one year before the mechanic's lien was filed. A mechanic's lien may be satisfied by payment of the obligation out of which the right to the lien may be asserted. 53 Am.Jur.2d 851, Mechanic's Liens, Sec. 325. Where payments are made, they are applied to extinguish the earliest items of labor and materials if there is nothing which shows the parties had a different intent. 53 Am.Jur.2d 856, Mechanic's Liens Sec. 329. This occurred here since all outstanding charges were paid on several occasions in 1987 and 1988. Accordingly, any mechanic's lien on the property was subsequent to CBT's mortgage, and CE cannot claim a mechanic's lien for services that have been fully paid for.
The claim of Surveying Associates fails for similar reasons. Initial surveying work was done in November, 1986. No additional work was done until one year later in November, 1987. When the CBT mortgage was recorded on March 30, 1987, Surveying Associates had not filed a mechanic's lien within 90 days after completion of their work, as required by CT Page 4441 section 49-34 of the General Statutes. At that point, Surveying Associates was owed $250.00. These charges were subsequently paid. The additional work in late 1987 and early 1988 was also paid on May 12, 1988. The mechanic's liens filed subsequently by Surveying Associates (Exhibits H J) were for work subsequently performed in 1988 through 1990, long after CBT's mortgage.
A mechanic's lien is created by statute, and a lienor must comply with the statutory requirements in order to perfect a claim. H S Torrington Associates v. Lutz Engineering Co., 185 Conn. 549, 553. Where a lien is not filed within the statutory time limit of 90 days after completion of the work, it is invalid and must be discharged. Booth v. VonBeren, 82 Conn. 298, 303, 307.
While not discussed here, the court also agrees with CBT's claim that a mechanic's lien cannot be claimed against the subject property for work performed for Ralto prior to Ralto's ownership of the property under the facts of this case. It is unnecessary to consider CBT's remaining claim that the Federal Deposit Insurance Corporation as a successor to CBT is not bound by the agreement between the lienors and the property owner as a result of the doctrine in D'Oench, Duhme Co. v. FDIC, 315 U.S. 447.
The plaintiff's mortgage has priority over both mechanic's liens.
ROBERT A. FULLER, JUDGE
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 4449