[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS (#101)
The following facts are alleged in the complaint. At all relevant times, the defendants, Wendell L. Hobson and Roberta J. Hobson, have been the owners of property (the "subject premises") known as 1521 Litchfield Road, Watertown, Connecticut. The plaintiff, Torrington Lumber Company, supplied materials and rendered labor in the construction of improvements to the subject premises under an agreement with Beecher Construction Company, Inc. and Gary W. Beecher. The plaintiff commenced furnishing services and materials on November 30, 1990 and completed furnishing services and materials on January 25, 1991. On April 25, 1991, the plaintiff placed a mechanic's lien on the subject premises in the Watertown Land Records.
According to an affidavit accompanying the defendants' motion to dismiss, the plaintiffs had not filed a notice of lis pendens on the subject premises in the Watertown Land Records as of May 13, 1992.
"Practice Book 143 provides in relevant part: `The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . .'" Southport Manor Convalescent Center, Inc. v. Foley, 216 Conn. 11, 12 n. 1, 578 A.2d 646 (1990).
The defendants argue that the failure of the plaintiff to file CT Page 7984 a notice of lis pendens on the Watertown Land Records within one year of having placed the mechanic's lien on the Watertown Land Records invalidates the mechanic's lien and deprives the court of jurisdiction to hear this foreclosure action.
 In order for a party to foreclose a mechanic's lien it must comply with the requirements of [General Statutes] 49-39.[1]
Compliance with 49-39 mandates that the party seeking to foreclose the lien must, within one year from the date the lien is recorded, (1) commence an action to foreclose the lien, and (2) record a notice of lis pendens.
H. G. Bass Associates, Inc. v. Ethan Allen, Inc., 26 Conn. App. 426, 430601 A.2d 1040 (1992). It is undisputed that the plaintiff failed to timely record a notice of lis pendens.
 In Connecticut, a mechanic's lien is a creature of statute and establishes a right of action where none existed at common law. Martin Tire Rubber Co. v. Kelly Tire Rubber Co., 99 Conn. 396, 403, 122 A. 102 (1923). It is the general rule that where a statute creates a right of action that did not exist at common law and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right; it is a limitation of the liability itself as created, and not of the remedy alone. Diamond National Corporation v. Dwelle, 164 Conn. 540, 543, 325 A.2d 259 (1973).
Id., 429.
 Where. . .a specific limitation is contained in the statute that creates the right of action and establishes the remedy, the remedy exists only during the prescribed period and not thereafter. In this situation, the statute of limitations is considered substantive or jurisdictional rather than procedural or personal, and therefore may not be waived. [Orticelli v. Powers, 197 Conn. 9, 15, 495 A.2d 1023 (1985)]; L.G. DeFelice Sons, Inc. v. Wethersfield, 167 Conn. 509, 511, 356 A.2d 144 (1975).
Moore v. McNamara, 201 Conn. 16, 22-23, 513 A.2d 660 (1986).
Accordingly, the failure of the plaintiff to timely record a notice of lis pendens on the Watertown Land Records deprives this court of jurisdiction to hear the plaintiff's mechanic's lien foreclosure action. For all the foregoing reasons, the defendants' motion to dismiss is granted.
PICKETT, J.