[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Two Guys Home Improvement Co., Inc. brings this action to foreclose a mechanic's lien or, in the alternative, for a money judgment for construction work done on a home owned by the defendant Siegmar Knebl. The plaintiff entered into a written contract to construct a second story CT Page 7104 addition on the defendant's home at 575 West Todd Street, Hamden, Connecticut (the "Premises") for a contract price of $32,500.00. The plaintiff contends that it is owed moneys due under the contract and for additional construction work done at the request of the defendant. The defendant challenges the validity of the mechanic's lien, claims credits against the contract amount, and claims that some of the work done by the plaintiff was in violation of code. The defendant also filed a two-count counterclaim alleging that the plaintiff failed to complete the construction by the completion date stated in the contract and that some of the plaintiff's work was deficient and in breach of the construction contract.
The plaintiff's mechanic's lien was recorded on December 14, 1989 in Volume 1501, Page 248 of the Hamden Land Records. The plaintiff alleges that the lien was filed within ninety days of the plaintiff ceasing to perform services and supply materials, as required in Conn. Gen. Stat. 49-34. This is disputed by the defendant. The president of the plaintiff, Joseph Bratz, testified that work on the premises was stopped in August, 1989 and that on August 17, 1989, the Premises were cleaned. Thereafter, Mr. Bratz delivered some hardware on September 9 and on September 30, Mr. Bratz returned to the premises to re-secure a tarp over the family room roof.
The time for filing a mechanic's lien begins to run from the substantial completion of the work and "is not extended by trivial work deferred." Peck v. Brush, 90 Conn. 651, 656
(1916). Under this standard, the plaintiff's work was substantially completed on August 17 and the mechanic's lien filed on December 14, 1989 is not valid because it was not filed within ninety days of the completion of the work. Judgment is entered for the defendant on the first count of the plaintiff's complaint.
The second count of the complaint seeks money damages for amounts unpaid on the contract between the parties and also the reasonable value of additional work done at the defendant's request. The balance unpaid under the contract between the ties was $8,500.00. The plaintiff left the job in August, 1989 because of defendant's failure to make payments due under the contract.[1] The plaintiff acknowledges that some of the contract work remained to be completed, including boxing-in plumbing in the basement at a cost of $200.00, replacement of luan doors with birch doors at a cost of $350.00, electrical CT Page 7105 work on the whirlpool at a cost of $670.00 and repair of a scratch in the whirlpool at a cost of $200.00, a total cost of $1,420.00. The plaintiff further acknowledges owing the defendant a credit for tile in the amount of $400.00 and a credit for carpeting in the amount of $1,500.00. (Paragraph 7 of Second Count of Complaint.) The net contract amount due from the defendant is $5,180.00.
The plaintiff also seeks judgment for the reasonable value of extra work done at the defendant's request. The defendant contends that no damages can be awarded for the "extras" because the written contract between the parties required that any changes in the work involving additional costs, must be in writing. The defendant's contention fails to recognize that the plaintiff's claim for damages for additional work done is not brought based on the express written contract. The claim is based on an implied contract and a plaintiff may allege an express contract governing one set of obligations and an implied contract covering another set of obligations. Shelton Yacht 
Cabana Club, Inc. v. Suto, 150 Conn. 251, 260 (1963).
Although plaintiff has established a legal basis for its claim for additional work done, it has not provided sufficient factual detail for this claim. In the second count of the complaint the plaintiff alleged that the reasonable value of the additional work done was $3,475.93. At trial, Mr. Bratz testified to additional work valued at $7,545.00. Also admitted into evidence was the plaintiff's final invoice to the defendant claiming only one extra at a cost of $900.00. In its post-trial memorandum, the plaintiff claims to be entitled to extras "in excess of $7,800.00." However, nowhere in the post-trial brief does the plaintiff specify which extras are claimed as part of the $7,800.00. Given the several different figures used by the plaintiff and the absence of any explanations of what work comprised the $7,800.00 claimed, the court is unable to award plaintiff any damages for additional work done.
In the first count of his counterclaim, the defendant alleges that the contract between the parties provided for a completion date of May 5, 1989 with time being of the essence. He further alleges that the plaintiff breached the agreement by failing to complete the work as of August 15, 1989. The last paragraph of the count alleges that "the defendant suffered substantially in that he and his family were required to live in a partially completed home." Much evidence was taken at trial CT Page 7106 about the completion date and the reasons why the work was not completed by May 5, 1989. However, the defendant submitted no evidence at all as to any damages suffered by him as a result of the plaintiff's failure to complete the work by May 5. Moreover, the defendant's post-trial memorandum does not address at all any claim made by the defendant for damages for delay. Accordingly, this claim is deemed abandoned and judgment is entered for the plaintiff on the first count of the counterclaim.
The defendant alleges in the second count of the counterclaim that the plaintiff's work was deficient in quality, that it was incomplete and that it was not in compliance with state and local building codes. The defendant, a licensed engineer with his own consulting engineering firm, testified as to the deficiencies which he found with the plaintiff's work and further testified as to the cost of repairing the deficiencies, which he estimated was $18,000.00 to $20,000.00. The only evidence offered with respect to the alleged deficiencies and the cost of repair was that of the defendant. He presented no other evidence or witnesses to corroborate his claims. The defendant's testimony is not sufficient to sustain his burden of proof with respect to his claims. The court found that the defendant lacked credibility as a witness. His demeanor, especially when cross-examined, indicated to the court that he was not testifying truthfully. In addition, the plaintiff introduced evidence at trial that when the defendant applied to the Town of Hamden for a building permit, he misrepresented to Town authorities both the cost and the scope of the work being done at his property. This, too, undermined the defendant's credibility.
In addition to the two-count counterclaim, the defendant also filed in his answer a fourth special defense which reads, "1. The defendant claims credits as per the contract dated March 10, 1989 for all items listed on Schedule A." The court has not taken up this claim because the court cannot award affirmative relief to the defendant on a special defense. The defendant did not plead this claim as a setoff nor as part of his counterclaim. Moreover, the defendant did not specifically address the claim in its post-trial memorandum so it can be deemed abandoned.
The final claim to be addressed is the plaintiff's claim for interest and attorneys' fees. The contract between the CT Page 7107 parties reads,
 "Interest on all overdue payments at the rate of 18% per annum until the date paid. If Two Guys Home Improvement Co. retains an attorney at law to collect any overdue payments, the Buyer agrees to pay a reasonable attorney's fee plus all reasonable court costs and expenses as a result of Buyer's default for failure to pay sums due."
In accordance with the contract, interest at 18% is awarded on $5,180.00 from August 10, 1989 until the date of judgment. The plaintiff is entitled to an award of attorneys' fees under the contract. Within ten days from the date of filing of this memorandum of decision, plaintiff's attorney shall file an affidavit substantiating the amount sought as legal fees. Defendant will have ten days thereafter to file a countervailing affidavit. The court will then enter a supplemental judgment for attorneys' fees.
VERTEFEUILLE, JUDGE.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 7117