[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff instituted this multi-count action against several defendants as a result of a series of events which followed her purchase of a condominium unit at Homeside Court in West Haven.
A brief chronological recitation is helpful in identifying the issues. On November 11, 1989, the plaintiff took possession of unit #4 at the Homeside Court Condominiums, 48 Homeside Avenue. The closing of title occurred on November 3, 1989.
At the closing, the defendant Homeside Court Development, Inc. ("Homeside"), produced a waiver of lien purportedly signed by the defendant, Quality Associates, Inc. ("Quality"). Quality subsequently denied having signed the waiver or having authorized anyone to sign on its behalf. And, on August 30, 1990, Quality filed a mechanics lie against the defendant Homeside's interest in the project and also placed a lien on the plaintiff's one unit as well as her interest in the common areas. This filing was claimed pursuant to Quality's contract with the defendant Ira Kroopneck, contractor and agent for the defendant Homeside. Under this contract Quality commenced work on December 15, 1987 and claimed to have last performed work on June 4, 1990. CT Page 12520-Q
Upon closing of title, the plaintiff commenced paying the condominium fees to the Homeside Condominium Association. The monthly charge of $85 was paid for 39 1/2 months to the defendant Kroopneck.
 I
The plaintiff presented no evidence pertaining to the defendant Rosemarie Raucci, though this defendant had been defaulted previously. She is therefore entitled to nominal damages only against this defendant.
 II
The defendants Kroopneck and Homeside were also previously defaulted. The plaintiff testified that for the period from December of 1989 to February 1993, she paid common charges totalling $3,357.50. None of the condominium services she was promised were ever provided in return for these payments. The defendant Homeside is liable to her under Counts Seven and Eight of the complaint. However, though it was testified that these funds were actually received by the defendant Kroopneck, the complaint does not allege any action by Kroopneck upon which a judgment may enter. The first three counts of the complaint are directed at Kroopneck and Homeside in connection with their alleged joint responsibility with Quality for the filing of the mechanics lien. However, no evidence was presented to support the allegations of these counts.
The defendant Kroopneck then is only liable for nominal damages, but Homeside is liable for the total of $3,357.50, plus interest.
It is further found that the collection and retention of said common charges and the failure to provide the required services is a CUTPA violation and the plaintiff is awarded an additional $3,357.50 as punitive damages.
 III
The remaining defendant, Quality Associates, Inc., is the subject of four counts, viz., Counts Ten through Thirteen. The plaintiff has testified that she closed in reliance on a Waiver of Lien, purportedly signed by this defendant. Quality has denied CT Page 12520-R signing the waiver and, in fact, stated it never signed a waiver for this project nor authorized anyone to sign on its behalf. It had received payments on account of services performed prior to the filing of its lien.
In fact, Count Fourteen, which is directed against the defendant Raucci, alleges that she signed the waiver for Quality and others. This defendant was not called as a witness. On the evidence before it, the Court concludes the waiver was forged as to the defendant Quality. Thus, the plaintiff has not met her burden of proof on Count Ten.
This does not dispose of the mechanics lein issue, however, because the plaintiff has attacked the validity of the lien itself in Count Twelve, and in rebutting the defendants' claim as to the last work performed.
The defendant states in its lien that it performed work between December 15, 1987 and June 14, 1990. Section 49-34
requires that for a mechanics lien to be valid, it must be filed within 90 days after ceasing to perform work or furnish materials. The lien was filed on August 30, 1990.
The plaintiff moved into her unit on November 11, 1989 and has resided there to the date of the trial. The work the defendant performed on June 4, 1990 consisted of the labor of two men from 7:30 A.M. to 4:30 P.M. They cleaned out dirt and leaves from catch basins and "built 4 inverts in sewer manholes."
On August 14, 1990, two of the 16 condominium units had been sold, including that of the plaintiff. The defendants' lien was directed at a claimed balance of over $97,000 on the total project, of which almost $9,000 was charged against the plaintiff's unit. The defendant's president testified that it had already collected for some of its work from the defendant Homeside.
The work performed by Quality on this project for Homeside included site clearing and preparation, excavation, installation of sewer and water lines, the installation of storm drains, and providing plumbing, heating and air conditioning to the 16 condominium units.
The plaintiff argues that this case is governed by the principles set out in Connecticut Bank Trust v. RaltoCT Page 12520-SDevelopers, 7 CSCR 758 (May 15, 1992, Fuller, J.). In a situation very similar to this, the Court found an unreasonable gap between completion of the original work and the additional work. The defendant had no written contract to cover this work but obviously the work performed on June 4, 1990 was minuscule when compared to what had been done to enable Homeside to sell units for occupancy in 1989. The Court concludes that the date of substantial completion was November 11, 1989 at the latest. And, as for the June 4, 1990 work, there is no contract, memorandum, or other finalization showing its part in the original undertaking. Nor is there any indication that Homeside requested this work. The plaintiff certainly did not do so.
As noted by our Supreme Court,
 "We have held that the time for filing the certificate of lien begins to run from the substantial completion of the furnishing materials or services, and is not extended by trivial work deferred, . . ."
quoting from Peck v. Brush, 90 Conn. 651, 656 (1916), in TheMartin Tire Rubber Co. v. The Kelly Tire Rubber Co., 99 Conn. 396,401 (1923). And, ". . . there must be no unreasonable delay in completing work which has been substantially done, . . ." Id., at 400.
The Court concludes the mechanics lien in question is invalid as to this plaintiff and she is entitled to recover for the damages she suffered as a result of its being lodged against her property. This figure is found to be her out-of-pocket expenses of $600.00 for counsel fees and court costs of $143.00, a total of $743.00.
The plaintiff has also claimed this filing to be a CUTPA violation of the reasons claimed by the plaintiff, the Court agrees that it was an unfair trade practice to refuse to release the lien when requested and to utilize the June 4, 1990 work as the basis for the claim of timely recording.
On this latter point, the Court notes that cleaning out catch basins bears no relation to the original project requirements and appears to be a normal maintenance function. In fact, this would strongly suggest a separate contract for this portion of the work. As for the remaining work, there was no explanation offered for its being done in 1990, after at least two units had been CT Page 12520-T sold. It strikes the Court as "trivial work deferred", deplored by the courts in the cases cited above.
The plaintiff is awarded counsel fees of $743.00.
 IV
Under the circumstances of this case, an award of interest is appropriate. However, the defendants should not be held responsible for all of the delay which occurred in bringing the matter to trial. Interest is therefore awarded at 10% per annum for 2 1/2 years and only on the basic award, not on punitive damages or CUTPA award.
Conclusion
 a. Judgment may enter for the plaintiff as against the defendant Homeside Court Development, Inc., in the amount of $3,357.50 plus interest in the amount of $839.57 and punitive damages of $3,357.50, for a total of $7,554.37.
b. Judgment may enter against the defendant Quality Associates, Inc., in the amount of $743.00 plus interest in the amount of $185.75 and counsel fees of $743.00, for a total of $1,671.75.
c. Judgment may enter against the defendants, Ira Kroopneck and Rosemarie Raucci, for $1.00 each.
d. The plaintiff is entitled to her taxable costs.
Anthony V. DeMayo, State Trial Referee