[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff F.B. Mattson Co., Inc. ("Mattson") brings this action to foreclose a mechanic's lien filed against real estate owned by the defendant Conrad Tarte and known as 161 Hillside Avenue, Waterbury (the "Property".) Great Western Bank, the holder of a mortgage on the Property, is also a defendant. Mattson claims that its mechanic's lien is prior in right to Great Western's mortgage. CT Page 1042
Both Tarte and Great Western dispute the validity of Mattson's mechanic's lien and filed special defenses asserting that the lien was not filed within ninety days of the completion of the work done, in violation of General Statutes § 49-34. Tarte filed an additional special defense alleging that the lien is invalid because Mattson failed to comply with provisions of the Home Improvement Act, General Statutes § 20-418 et seq.
The court finds the facts as hereafter set forth. The plaintiff corporation is a general contractor licensed as such by the State of Connecticut. In the spring of 1995, Mattson entered into a written agreement with Commercial Investments International, Inc. ("CII"), the then owner of the Property, to undertake renovations of the Property on a time and materials basis. Tarte was the president of CII and a one-third owner of the company. The Property, which is located in an historic district, contains a mansion and carriage house constructed in the 1880's. The principal part of the work to be done at the Property was the replacement of the deteriorated copper roof at the mansion with a new copper roof. The work began in April, 1995 and continued through the summer and into the fall.
The roof replacement was completed in early October. By this time CII had fallen behind in payment. Mattson stopped work at the Property on October 10, 1995, leaving scaffolding and roof brackets in place. On November 10, 1995, two Mattson employees returned to the Property and worked all day removing the scaffolding and roof brackets. Mattson did no further work at the Property after that. On January 25, 1996 Mattson recorded a mechanic's lien against the Property, claiming a balance due of $83,723.29 and contending that it ceased furnishing services and materials at the Property on November 10, 1995.
A mechanic's lien must be filed within ninety days after the contractor has ceased doing work. General Statutes § 49-34. Ordinarily, the ninety-day period is computed from the last date on which material was delivered or services were rendered. MartinTire Rubber Co. v. Kelly Tire Rubber Co., 99 Conn. 396, 399
(1923). If, however, after the work was substantially done, the claimant unreasonably delays the completion of the work, the filing period will begin from the date of substantial completion. Id., 399-400. The plaintiff and the defendants in the present action disagree as to whether the ninety-day period should be calculated from the final date of work, November 10, 1995, or the substantial completion date, October 3, 1995. The issue is CT Page 1043 readily resolved because the work done on November 10 was requested by the owner of the Property.
Where the work done on the final date is requested by the owner of the property, the mechanic's lien filing period will be calculated from the date that the requested work is done. "Where a service is performed or material furnished at the request of the owner, it will extend the time for claiming a lien or will revive an expired lien, as to a contract substantially performed." (Internal quotation marks omitted.) Id., 400. Even trivial work done at the owner's request and not for the purpose of saving the lien will extend the time for filing the lien.Nicholas v. Culver, 51 Conn. 177.
At trial, Tarte, who took title to the Property in October, testified that he called Mattson and asked to have the scaffolding and brackets removed so that painters whom he hired could do their work. The removal of the scaffolding and brackets on November 10 therefore was done at the request of the owner of the Property and the filing period should be calculated from November 10, 1995. Mattson's mechanic's lien was timely filed within the ninety-day period. The court finds for the plaintiff on the first special defenses.
Tarte also contends that Mattson's mechanic's lien is invalid because the contract pursuant to which the work was done did not conform to the requirements of the Home Improvement Act, General Statutes § 20-418 et seq. Mattson disputes the applicability of the Act to the work in question.
 General Statutes § 20-428, part of the Act, provides [t]his chapter shall not apply to any of the following persons or organizations. . . (4) any person holding a current professional or occupational license issued pursuant to the general statutes, provided such person engages only in that work for which he is licensed.
An officer from Mattson testified at trial that Mattson has been licensed as a general contractor at all times since 1994. A copy of Mattson's current license from the Connecticut Department of Consumer Protection was made an exhibit at trial. Mattson asserted its exemption in its post-trial memorandum of law. Tarte was given the opportunity to file a reply memorandum to Mattson's memorandum, but failed to do so. The court interprets the lack of reply as indicating that Tarte does not dispute Mattson's claim CT Page 1044 of exemption. The court finds for the plaintiff on Tarte's second special defense.
The plaintiff's mechanic's lien is found valid by the court. Judgment will enter on the first count of the plaintiff's complaint at a hearing to be held on Friday, February 28, 1997 at 9:30 a.m. before the undersigned, when the remaining bifurcated issues relating to foreclosure will be considered by the court.
VERTEFEUILLE, J.