## WILLIAM WESTLAND vs. EDWARD GOODMAN.

A certificate of a builders' lien, which by statute must be filed in the town clerk's office within sixty days after the completion of the work, was filed February 7th, 1879, and stated that the work was completed December 9th, 1878. Held, upon a petition to foreclose the lien, the original owner being the sole respondent, that, in the absence of any interest of third parties, or proof of injury to the respondent, the petitioner might show that December 9th was written by mistake for December 17th.

BILL to foreclose a builders' lien; brought to the City Court

of the city of Hartford and heard before *Bennett, J.* Bill dismissed, and motion for a new trial by the petitioner. The case is sufficiently stated in the opinion.

*A. F. Eggleston,* for the petitioner.

*S. O. Prentice* and *F. H. Parker,* for the respondent.

CARPENTER, J.    This is a petition to foreclose a mechanic's lien. The certificate of lien states that the petitioner commenced rendering services and furnishing materials on the 19th day of October, 1878, and ceased so to do on the 9th day of December following. The certificate is dated February 7th, 1879, and the court below found that it was not made and filed with the town clerk within sixty days after the petitioner had ceased to furnish materials and perform services. On the trial however the petitioner offered evidence to prove that the date in the certificate, December 9th, 1878, was so entered by mistake; that the time when he ceased to render services was in fact the 17th day of December instead of the 9th. To the admission of this evidence the respondent objected, and the court excluded it. Whether it was properly excluded is the only question presented by the motion for a new trial.

That clause of the statute which relates to this question is as follows:—"No such lien shall be valid unless, within sixty days after the person performing such services or furnishing such materials has ceased so to do, he shall lodge with the town clerk of the town in which said building is situated a certificate in writing, describing the premises, the amount claimed as a lien thereon, and the date of the commencement of the claim, the same being first subscribed and sworn to as the amount justly due as nearly as the same can be ascertained, &c." Gen. Statutes, page 360, section 10.

It will be observed that the statute requires that the date of the commencement of the claim shall be stated in the certificate, but it does not require in express terms that the date of its completion shall be stated, simply requiring that the certificate shall be lodged for record within sixty days faterwards.

Westland *v.* Goodman.

We are inclined to think that if that fact appears upon the record in any form it is sufficient.  The statute was made for the benefit of mechanics; and while the court properly insists that all the provisions of the statute shall be complied with, it does not insist upon technical nicety in the statement of details, but will be satisfied with a substantial compliance. Now this certificate states that it was "made and filed within sixty days from the time of ceasing to render services and furnish materials as aforesaid." That fact is also alleged in the petition.

Assuming that the petitioner can prove all that he claims, the real question is whether he shall be precluded from showing the truth.  The doctrine of estoppel frequently does apply and precludes a party from showing the real facts; but that doctrine rests upon certain equitable considerations, and applies only when otherwise the party precluded would obtain an undue advantage, or some innocent party would suffer unjustly.  It is perfectly evident that the petitioner gained nothing by misstating the date, and the respondent lost nothing.  As the question is between the original parties no one was misled, and the doctrine of estoppel does not apply.

It is insisted however that the wrong date is descriptive of the lien, and must be proved precisely as stated.  Just what is meant by lien is not easy to determine.  If the certificate was intended the claim is unfounded, for that was correctly described and was proved as laid; so that no question of variance arises.  We suppose however that all the facts essential to a valid lien were intended, including the services, dates, amount, certificate and record.  The statute requires that the material facts preceding the filing of the certificate shall be stated in it.  The object doubtless was that the record should show in a general way all the necessary facts.  We cannot believe however that it was intended that all those facts should be stated with entire accuracy in every respect. If that was required the object of the statute in most cases would be wholly defeated.  The amount must be stated as nearly as the same can be ascertained; but the amount as ascertained by the court, in the absence of fraud, may vary

widely from the amount stated in the certificate without invalidating the lien; and yet the amount is material to this extent—it must exceed twenty-five dollars or no lien attaches.

In respect to the dates—it is oftentimes a matter of no little difficulty to tell just when a piece of work was commenced or finished. Witnesses may differ widely as to the time when a given act was done, and frequently it is difficult to determine whether a given act shall constitute the commencement or completion of the work. It is obvious that the statute did not intend that a mistake in these matters should vitiate the lien, provided the notices required were given and the certificate filed within the time prescribed. Beyond that time is not material, and a variance in that regard is of no more importance than it is in a criminal prosecution or ordinary civil action.

But it is claimed that the record shows that the statute in respect to time was not complied with, and therefore that the lien is void. This claim assumes that the date of the completion of the work is conclusive, and disregards the statement contained in the certificate that it was made and filed within sixty days. It is true that statement includes an act as *having been* done which necessarily must have been done *subsequently;* but considering the making and recording of the certificate as substantially one transaction—the perfecting of the lien—we are not at liberty on that account to disregard it. From the time the paper takes effect it may be literally as well as legally true; and that is the point of time from which we are to look at it. Hence, if the date had been omitted, leaving only the direct averment that it was filed within sixty days, we think it is quite clear that the averment might be proved by showing when the work was actually completed. If so it seems to follow that the unnecessary insertion of an incorrect date ought not to preclude the petitioner from showing the real date, especially when the controversy arises between the original parties, and it does not appear that any one was injured by it. We think therefore that the testimony should have been received.

If, on a new trial, the petitioner shall establish his claim,

the respondent will doubtless be permitted to show, if the fact be so, that he has suffered in consequence of the mistake.

A new trial is advised.

In this opinion the other judges concurred.