## JOSEPH SWAYE
### *vs.*
## SYLVAN CONSTRUCTION CO., INC.

Court of Common Pleas　　Hartford County　　File No. 38391

MEMORANDUM FILED DECEMBER 2, 1939.

*Walter F. Foley,* of Hartford, for the Plaintiff.

*Milton D. Newman, Shipman & Goodwin, Jacob Dunn, James J. O'Connor, Kimberly Cheney* and *Abraham A. Katz,* of Hartford, for the Defendant.

MOLLOY, J. The defendant, The Capitol National Bank and Trust Company, of Hartford, has moved to establish priority of liens. The validity of the lien of the defendant O. J. Seguin is attacked as being defective on its face, in that it was not filed within 60 days from the time of ceasing to render services and furnish materials. Seguin seeks by cross complaint a reformation of his lien to show that the last day of work did fall within the 60 day period prior to the filing of the lien. The defendant bank has demurred to this claim for relief on the ground that as a matter of law this court has "no power or authority....to grant the relief requested."

This question was raised at the Short Calendar hearing on October 27th, but was not disposed of at that time as the parties were given time to file briefs. At the same hearing the defendant Seguin was allowed to present evidence to substantiate his prayer for reformation in order to save time and expense of appearing at a postponed hearing.

All the testimony introduced by him was objected to on the ground it was incompetent and irrelevant since as a matter of law the lien could not be reformed. The court admitted the evidence subject to a determination of the legal question.

The bank has filed an answer to the cross complaint, which answer is subject to the determination of its demurrer.

The lien was filed July 27, 1938. The defendant bank's attachment was filed November 15, 1938, in an action brought to recover the balance due on a note dated October 3, 1938.

Judgment was entered on October 13, 1939, that the plaintiff recover $211.33, plus costs, and attorney's fee. The bank is thus a subsequent encumbrancer in point of time, and its attachment is subject to prior valid liens and encumbrances. It is prior, however, to general creditors having no specific claim to the property subject to attachment.

Now, in this case there are two questions: First: Can the defective mechanic's lien which was filed in this case be reformed on the facts disclosed by the evidence so that its validity will be retroactive to the original date of filing? Second: If the lien is reformed, was it on the facts disclosed by the evidence, filed within 60 days after the performance of services and furnishing of materials had ceased? The defendant bank denies both propositions.

Section 5106 of the General Statutes, Revision of 1930, reads

in part as follows: "No such lien shall be valid, unless the per-son performing such services or furnishing such materials, within sixty days after he has ceased so to do, shall lodge with the town clerk of the town in which such building is situated a certificate in writing...."

The defendant Seguin had a plumbing contract in a house being built by the defendant Sylvan Construction Company, Inc., at No. 356 Fern Street, West Hartford. The lien states that the work began December 15, 1937. Seguin's book of account, exhibit 2, shows that the work began November 15, 1937. The lien further states that he completed his work May 25, 1938.

He alleges in his cross complaint and offered evidence to prove that he committed an error personally drafting this certificate by inserting the date "May 25, 1938", whereas "May 28, 1938" was the correct date.

In *Westland vs. Goodman*, 47 Conn. 83, the petitioner offered evidence to prove that the date in the certificate for completion of work was a mistake. The Supreme Court said, at page 84: "It will be observed that the statute requires that the date of the commencement of the claim shall be stated in the certificate, but it does not require in express terms that the date of its comple-tion shall be stated, simply requiring that the certificate shall be lodged for record within sixty days." The court continued: "We are inclined to think that if that fact appears upon the record in any form it is sufficient. The statute was made for the benefit of mechanics; and while the court properly insists that all the provisions of the statute shall be complied with, it does not insist upon technical nicety in the statement of details, but will be satisfied with a substantial compliance."

The court further went on to say that: "Assuming that the petitioner can prove all that he claims, the real question is whether he shall be precluded from showing the truth." And on page 86, the court said: "It is obvious that the statute did not intend that a mistake in these matters should vitiate the lien, provided the notices required were given and the certificate filed within the time prescribed....Hence, if the date had been omitted, leaving only the direct averment that it was filed within sixty days, we think it is quite clear that the averment might be proved by showing when the work was actually completed." The court concluded that the real date might be shown, "es-pecially when the controversy arises between the original

parties, and it does not appear that anyone was injured by it."

This case was cited with approval in *Pierce, Butler & Pierce Mfg. Corp. vs. Enders,* 118 Conn. 610, 615, where the court said: "The statute governing mechanics' liens is to be so construed and applied as to reasonably and fairly carry out its remedial intent," and held that the plaintiff gained and the defendant lost nothing, and no one was misled by the error committed in the mechanic's lien upon which the action was based.

*New Britain Lumber Co. vs. American Surety Co.,* 113 Conn. 1, concerned an action by a materialman on a construction bond, in which case the filing of a statement of claim within sixty days was held by the court to be a condition precedent. The court did not hold that the actual date of completion could not be established by evidence other than the date stated in the statement of claim.

In *Hartford Building and Loan Assn. vs. Goldreyer,* 71 Conn. 95, the building contract was executed May 11, 1896. The certificate of lien filed May 17, 1897, gave the date upon which the lien attached as May 12, 1896. This lien was later assigned, in June, 1897, to the party who sought priority over a mortgage which had been executed May 4, 1896, and recorded May 5, 1896, dates prior to the date of the building contract, May 11, 1896. In other words, the work performed on May 4th was not regarded, so the decision says, by the parties to the contract as of sufficient importance to require the contract to be made as of that date. "Such certificate was intended by statute to give reasonable notice to creditors and purchasers of the existence and extent of the lien" (p. 100). The mortgage holder acquired title in November, 1897. The court held on the foregoing facts that the town records disclosed to the holder when he purchased in November, 1897, in good faith and for value, that the mortgage was a prior encumbrance to the lien.

This latter decision must be the main reliance of the defendant bank, while *Westland vs. Goodman, supra,* is the main support of Seguin, the lienor. From a mere recital of the facts in the *Hartford Building and Loan Assn. vs. Goldreyer* case, it is easily understandable why the mortgage was held prior to the lien. But the facts of the *Westland* case seem to me to be more applicable to the instant case. From the evidence, Seguin made a mistake in the date, May 25th. To repeat some of the quotations from the *Westland* case: "Hence, if the date had been omitted, leaving only the direct averment that it was filed within

sixty days, we think it is quite clear that the averment might be....especially when....it does not appear that anyone was injured by it."

The defendant bank was in no way injured or misled. It does not appear that the money would not have been loaned, or any debt created by the parties here, had the correct date been stated in the lien, nor does it appear that the bank knew as a matter of fact that the incorrect date was stated in the lien at the time it made its loan. It is difficult to see, therefore, how it is at all parallel with the *Hartford Building and Loan Assn. vs. Goldreyer* case.

No claim was made by the bank regarding the incorrect date of the commencement of work by Seguin stated in his certificate.

The demurrer, therefore, to the cross complaint is overruled, and the court reiterates its position stated at the hearing, that the proffered evidence by Seguin should be received and considered by it.

We now come to a consideration of the evidence offered in support of the cross complaint that the lien is valid because Seguin did some of the work on this contract within sixty days of the filing of the lien. Seguin started his contract November 15, 1937. Up to December 4th the work was continuous. There was a lapse then till December 28th when 16 hours of work was put in. There was no further work done until February 5, 1938, when two hours of work was done. Then for nearly two months there was no work done, or until April 2nd, when $1\frac{1}{2}$ hours was put in. What was the nature of the work done on these last two dates does not appear. There was then another lapse of nearly two months, or until May 28th when $2\frac{1}{2}$ hours work was done. This work consisted of the installation of a clean-out cover, which is a plumbing fixture. Someone had removed this cover, or it was never put on at all. Which was the fact Seguin could not say. This job would ordinarily be done with the bulk of the plumbing contract work. In addition, it does not appear who called Seguin's attention to the missing cover. The builder denies that Seguin did the work, or that he asked Seguin to do it, a fact which Seguin does not assert, and the builder is not sure that any work was done on April 2nd. However, it may be reasonably concluded that Seguin had the work done, $2\frac{1}{2}$ hours, on May 28, 1938. The question then remains whether this is sufficient to maintain his

lien as a valid one. Was the work completed in December, 1937, as contended by the defendant bank?

A case instructive on this question is *Martin Tire & Rubber Co. vs. Kelly Tire & Rubber Co.*, 99 Conn. 396. In that case the lien was filed April 6, 1921. The contention was that since the building was substantially completed on March 9th, the lien began to run from that date; and that since the only services rendered after March 9th were those of the engineer, who was superintendent of the job, and of a carpenter for one day, the lien did not accrue as of the date, April 6th.

The total balance due on the lien was $41,000. The expenditures after March 9th, the finding disclosed, totaled $1,156.79, of which $151.75 was for payroll as of March 9th. The services of the engineer between March 9th and April 6th were rendered in completion of the contract for construction. The court said (p. 399): "The defendant misconceives the proper application of the rule of substantial completion in determining the time from which the sixty-day period should be computed. The period for filing the lien under our statute. . . .will be computed, ordinarily, from the date of the last item of material furnished or services rendered. The rule is one to be applied fairly to both the lienor and the owner. If, after the work is substantially done, the claimant for the material furnished or services rendered shall unreasonably delay the completion of the work, the date of the beginning of the sixty-day period will be taken as the date when the work was substantially done. No trivial or inconsequential service or work done after the substantial completion of the building will extend the time for claiming the lien, or revive an expired lien when an unreasonable period has elapsed since the substantial completion. If the article furnished or the service rendered be trivial, but be required by the terms of the contract of building, this fact will be taken into consideration in determining whether the elapsed period be unreasonable or not. And 'where a service is performed or material furnished at the request of the owner, it will extend the time for claiming a lien or will revive an expired lien, as to a contract. . . .substantially performed.' 35 L.R.A. (N.S.) 904 note. Thus in *Nichols vs. Culver*, 51 Conn. 177, it is held that trivial work done or material furnished will be sufficient to extend the time for filing the lien if done at the request of the owner, and not for the mere purpose of saving his lien."

There was no request by the owner in the case at bar to do the work of May 28, 1938. Indeed, there seems to be considerable mystery as to how Seguin knew that the clean-out cover was not in place. He sheds no light on it himself, except to say that he had it installed by his workman.

The court said further: "We have held in *Flint vs. Raymond,* 41 Conn. 510, and *Sanford vs. Frost,* 41 Conn. 617, that there must be no unreasonable delay in completing work which has been substantially done, and that 'work done after such delay will not be considered in fixing the sixty days allowed for recording the lien.' In the first of these cases the delay was nine months and the work done covered three hours' work, and in the second the delay was six months, and the work done of trifling value. In *Cole vs. Uhle,* 46 Conn. 296, the work was substantially completed November 15th, except as to two items, one of which was done on December 1st and the other February 27th, and in distinguishing this case from *Flint vs. Raymond* and *Sanford vs. Frost,* we said: 'We think the case at bar is distinguishable from both of the cases mentioned, not only in that the amount of work done after the time for fulfilling the contract was greater, while the delay was comparatively short, but more especially in the fact that the reason for the delay must be regarded as sufficient against the original party to the contract, at whose special instance and request the work was so postponed'."

The court further said (p. 401) that to "determine whether the period of the running of the mechanic's lien should begin with the date of the substantial completion of the contract, we must first ascertain the date of substantial completion." And then after pointing out the importance and necessity of the work of the superintendent on the job between March 9th and April 6th, and the continuity in the rendition of services, the court said (p. 402): "Where the work is continuous under the contract, the day when the work ceased must ordinarily be taken as the date of cessation of furnishing materials and rendering services, since there has been no unreasonable delay and no cessation of work. The work may be delayed after the work has been substantially completed, but that does not compel the contractor to file his lien within sixty days after the substantial completion. The construction best adapted for practical needs is that which we have already adopted: that the lien must be filed within sixty days from the cessation of work, but if there has been an unreasonable delay by the contractor in completing

his work he cannot have the period for filing the lien extended beyond the date of substantial completion by some trivial material or services furnished, but that the owner may by his conduct or agreement extend the period for filing the lien which had determined by law."

With this case before us, what are the deductions to be drawn from the facts in the instant case? Seguin filed his lien on July 27, 1938. Between November 15, 1937 and December 4, 1937, the work on Seguin's contract was continuous. On December 28, 1937, 16 hours of work was put in. Then between that date and May 28, a total of 6 hours of work was done: February 5, 1938, 2 hours, April 2nd, 1½ hours, and May 28, 2½ hours. In other words, Seguin after December 28th just kept within the two month period in his doing of additional work. There is no explanation offered for the delays. The character of the work of February 5th and April 2nd is not disclosed. The work of May 28th should have been, and ordinarily would be, installed at the time the bulk of the work was done. To the mind of the court, then, there was a substantial completion of the contract December 28, 1937, and a cessation of the work on that date; certainly there was no continuity of rendition of services which is one of the requirements of the law. The doing of six hours' work in a period of five months seems an unreasonable delay in the way the hours are distributed. The owner did not order the work done, and did not know it had been done.

On the facts, therefore, it is found that the lien of the defendant Seguin is not entitled to priority to the attachment of the defendant bank, nor is it entitled to the classification of the other valid liens proven in this case, concerning which no question seems to have been raised.