## H. G. Bass Associates, Inc. *v.* Ethan Allen, Inc. (10024)

O'Connell, Landau and Heiman, Js.

Argued October 3, 1991—decision released January 21, 1992

*Steven M. Olivo,* for the appellant (defendant).

*Mark E. Blakeman,* for the appellee (plaintiff).

LANDAU, J. The defendant, Ethan Allen, Inc., appeals from the judgment of the trial court awarding the plaintiff, H. G. Bass Associates, Inc., $49,260.67[1] in a foreclosure action.[2] The defendant asserts that the trial court improperly (1) rendered judgment in favor of the plaintiff in violation of General Statutes § 49-39, (2) found in favor of the plaintiff when the evidence demonstrated that the plaintiff was in breach of contract, (3) awarded interest on its judgment, (4) awarded attorney's fees although such fees were not requested, (5) awarded attorney's fees that were excessive, and (6) rendered judgment in violation of General Statutes § 51-183b. We agree with the defendant's first claim. Because it is dispositive of this appeal, we need not address the remaining claims.

The following facts were not disputed at trial. On May 7, 1984, the defendant contracted with Shannon Construction, Inc. (Shannon), to construct an addition to one of the defendant's warehouses located in Newtown. On August 1, 1984, Shannon subcontracted with the plaintiff to provide and install a wall panel system in that warehouse. The plaintiff commenced performance in May, 1985, and continued work on the warehouse until August of the same year, when Shannon denied its request for payment of $29,000 for work performed to date.[3]

On September 19, 1985, the plaintiff filed a certificate of mechanic's lien with the town clerk of Newtown

---

[1] The award was allocated as follows:

| | |
|---|---|
| Damages: | $29,000.00 |
| Interest: | $ 8,700.00 |
| Attorney's Fees: | $11,281.00 |
| Costs: | $    279.67 |
| Total | $49,260.67 |

[2] The plaintiff's complaint framed this cause of action as a foreclosure action.

[3] The work the plaintiff contracted to perform was subsequently completed by Leander-Anderson Company, the plaintiff's subcontractor. Leander-Anderson was paid in full for its work.

to secure the moneys due for the work performed pursuant to its subcontract with Shannon. The plaintiff instituted an action (Docket No. CV 86 0290497 S) against the defendant on September 18, 1986, to foreclose the September 19, 1985 mechanic's lien, and, on September 26, 1986, recorded a notice of lis pendens citing this action.[4] A second action (Docket No. CV 86 0290524 S) was also commenced on September 18, 1986, through other counsel, to foreclose the same lien. The notice of lis pendens for this second action was recorded on September 18, 1986. On February 24, 1987, the second action was withdrawn and the lis pendens that had been recorded on September 18, 1986, was discharged.

In August, 1990, the plaintiff and the defendant proceeded to trial. Judgment was rendered for the plaintiff against the defendant in the amount of $49,260.67.[5] No judgment of foreclosure on the mechanic's lien was rendered.[6]

The defendant argues that General Statutes § 49-39 requires that the action to foreclose a mechanic's lien be commenced and the notice of lis pendens citing that action be recorded within one year of the date of the perfection of the mechanic's lien. The defendant further claims that the mechanic's lien ceased to exist one year from the date of its perfection because the plaintiff failed to file a notice of lis pendens citing that action within the one year statutory time limit. Relying on

---

[4] The defendant later impleaded Shannon, seeking indemnification pursuant to an indemnification agreement entered into on February 29, 1988.

[5] Judgment was also rendered in favor of the defendant for the same amount on its third party complaint against Shannon.

[6] Cf. *Essex Savings Bank* v. *Frimberger*, 26 Conn. App. 80, 597 A.2d 1289 (1991). In *Essex Savings Bank*, this court dismissed the appeal for lack of a final judgment because the trial court had yet to determine the amount of the debt, the attorney's fees or even whether the foreclosure should be strict or by sale. Here, unlike in *Essex Savings Bank*, the trial court clearly ordered a remedy.

*Meyer, Kasindorf & Mancino* v. *Lafayette Bank & Trust Co.*, 34 Conn. Sup. 84, 377 A.2d 861 (1977), the plaintiff argues that because the defendant had actual notice of the mechanic's lien and the lawsuit commenced thereon, the actual notice may take the place of the constructive notice conferred by the filing of the notice of lis pendens. We agree with the defendant.

In Connecticut, a mechanic's lien is a creature of statute and establishes a right of action where none existed at common law. *Martin Tire & Rubber Co.* v. *Kelly Tire & Rubber Co.*, 99 Conn. 396, 403, 122 A. 102 (1923). It is the general rule that where a statute creates a right of action that did not exist at common law and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right; it is a limitation of the liability itself as created, and not of the remedy alone. *Diamond National Corporation* v. *Dwelle,* 164 Conn 540, 543, 325 A.2d 259 (1973). As the *Diamond* court noted, because General Statutes § 49-39 sets the time within which the action must be commenced, it conforms with the general rule and is thus a limitation on the right. "The lien [under the forerunner of § 49-39] is a creature of the statute, and the General Assembly, which created the right, may set a limit to the term of its existence. . . . The plain intent of this statute is to clear the title to the premises unless an action of foreclosure is brought within the time limited for the continuance of the lien. The phrase 'no mechanic's lien shall continue in force' is conclusive. . . . The lien of this defendant and the liens of others who failed to commence any action of foreclosure within the time limited by the statute, are no longer in force; as liens they have ceased to exist." *Persky* v. *Puglisi,* 101 Conn. 658, 666, 127 A. 351 (1925). Thus, § 49-39 is not merely a limitation of the remedy, but is a limitation of the cause of action itself.

General Statutes § 49-39 provides in relevant part: "A mechanic's lien shall not continue in force for a longer period than one year after the lien has been perfected, unless the party claiming the lien commences an action to foreclose it . . . *and records a notice of lis pendens in evidence thereof on the land records of the town in which the lien is recorded within one year from the date the lien was recorded* . . . . Each such lien, after the expiration of the one-year period . . . without action commenced and notice thereof filed as aforesaid, shall be invalid and discharged as a matter of law." (Emphasis added.) In order for a party to foreclose a mechanic's lien it must comply with the requirements of § 49-39. Compliance with § 49-39 mandates that the party seeking to foreclose the lien must, within one year from the date the lien is recorded, (1) commence an action to foreclose the lien, and (2) record a notice of lis pendens.

Here, the mechanic's lien was perfected through recordation on September 19, 1985. The plaintiff commenced the surviving action on September 18, 1986, and recorded the notice of lis pendens citing it on September 26, 1986. There is no dispute that the plaintiff satisfied the first of the two requirements by commencing an action on September 18, 1986, a date within one year of the recording of the mechanic's lien. Although the plaintiff has met the first of these two requirements, he has failed to meet the second. The notice of lis pendens was not filed within that one year time period. The notice of lis pendens filed with the second action to foreclose the mechanic's lien, although filed within the one year time period, is ineffective because the defendant's withdrawal of the underlying action on February 24, 1987, released the lis pendens.[7]

---

[7] The plaintiff properly withdrew this action pursuant to General Statutes § 52-80 which provides in relevant part: "The plaintiff may withdraw

"The right of a plaintiff to withdraw his action before a hearing on the merits, as allowed by § 52-80, is absolute and unconditional. Under [the] law, the effect of a withdrawal, so far as the pendency of the action is concerned, is 'strictly analogous to that presented after the rendition of a final judgment or the erasure of the case from the docket.' " *Housing Authority of East Hartford* v. *Hird,* 13 Conn. App. 150, 157, 535 A.2d 377, cert. denied, 209 Conn. 825, 552 A.2d 433 (1988), quoting *Lusas* v. *St. Patrick's Roman Catholic Church Corporation,* 123 Conn. 166, 170, 193 A.2d 204 (1937). The plaintiff's withdrawal of the action in February, 1987, effectively erased the court slate clean as though the action had never been commenced, thereby eliminating the corresponding lis pendens.

The plaintiff's reliance on *Meyer, Kasindorf & Mancino* v. *Lafayette Bank & Trust Co.,* supra, is misplaced because the *Meyer* court relied on a California statute not on Connecticut law.[8] See *Patten-Blinn Lumber Co.* v. *Francis,* 166 Cal. App. 2d 196, 333 P.2d 255 (1958). The *Meyer* court, however, overlooked one critical difference between Connecticut's mechanic's lien statute and that of California. Unlike the Connecticut statute, the mechanic's lien statute in California states no time limit within which the party seeking to foreclose the lien must record the notice of lis pendens.[9] This dis-

---

any action so returned to and entered in the docket of any court, before the commencement of a hearing on the merits thereof." See also *Marrinan* v. *Hamer,* 5 Conn. App. 101, 103, 497 A.2d 67 (1985).

[8] *Meyer* recognized that the Connecticut Supreme Court had not yet decided the significance of the lis pendens requirement of General Statutes § 49-39.

[9] The California mechanic's lien statute relied on in *Patten-Blinn Lumber Co.* v. *Francis,* 166 Cal. App. 2d 196, 333 P.2d 255 (1958), provided in relevant part: "(a) No lien provided for in this chapter binds any property for a longer period than 90 days after the same has been filed except as hereinafter provided, unless within that time, proceedings to enforce

tinction renders the case law relied on in *Meyer* and the ultimate conclusion in that case inapposite. The primary purpose of a lis pendens in the California statute was to give constructive notice of the pending action. *Patten-Blinn Lumber Co.* v. *Francis, supra,* 199–200. Because the purpose of the lis pendens recordation requirement in Connecticut's mechanic's lien statute is not only to give constructive notice of the pending action but also to set a time limit for the foreclosure of a mechanic's lien, we are not persuaded by *Meyer*.

The notice of lis pendens in the present action was not properly recorded as required by General Statutes § 49-39. The notice of lis pendens recorded in a different case does not satisfy the statutory requirement. Accordingly, the mechanic's lien filed by the plaintiff became "invalid and [was] discharged as a matter of law"; General Statutes § 49-39; on September 19, 1986, one year after the lien had been perfected. Because the mechanic's lien was invalid and is discharged as a matter of law, any award that was predicated on its validity is similarly invalidated. We conclude, therefore, that the trial court was without jurisdiction to render judgment for the plaintiff.

The judgment is reversed and the case is remanded with direction to render judgment dismissing the plaintiff's complaint.

In this opinion the other judges concurred.

---

the same be commenced in a proper court *and a notice of pendency of such proceedings be filed as provided in section 409."* (Emphasis added.) Cal. Code Civ. Proc. § 1198.1 (a).

Section 409 of the California Code of Civil Procedure provides that "from the time of filing such notice for record only, shall a purchaser or encumbrancer of the property affected thereby be deemed to have constructive notice of the pendency of the action . . . ."