[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS (#114) AND MOTION FOR DISCHARGE OF INVALID NOTICE OF LIS PENDENS (#115)
In H.G. Bass Associates, Inc. v. Ethan Allen, Inc., 26 Conn. App. 426,601 A.2d 1040 (1992), the Appellate Court held that the requirement of Conn. Gen. Statutes 49-39 that a lis pendens be recorded within one year of the date on which a mechanic's lien has been recorded is jurisdictional. If a lis pendens is not recorded within the statutory period a mechanic's lien is invalid CT Page 6090 and discharged as a matter of law, and no award may be predicated upon it. Today, the court confronts what is perhaps the next logical question. What if a lis pendens is recorded in a timely fashion but turns out to be defective and by the time the defect comes to light, it is too late to change it? The court concludes that the mechanic's lien is invalid in this case as well.
Conn. Gen. Stat. 52-325(a) provides that a notice of lis pendens shall contain "the name of the parties, the nature and object of the action, the court in which it is returnable and the term, session or return day thereof, the date of the process and the description of the property." The lis pendens filed by the plaintiff here omits the return day. In practical terms, this is a minor, technical oversight. The purpose of a lis pendens is notice, and the computers in a modern day courthouse can doubtless inform anyone who has the rest of the information contained in a lis pendens of the return date if that information is needed. (This may not have been the case in the nineteenth century when the lis pendens statute was enacted.) On the other hand, the requirements of the statute are absolutely clear, and if they are to be changed, it is the legislature that must change them.
Both a mechanic's lien and a lis pendens are creatures of statute, and parties who invoke them must comply with the statutory requirements. H.B. Bass Associates, Inc. v. Ethan Allen, Inc., supra, 26 Conn. App. at 429 (mechanic's lien); Manaker v. Manaker, 11 Conn. App. 653, 660, 538 A.2d 1170 (1987) (lis pendens). It is, of course, well established that the provisions of these statutes should be liberally construed to implement their remedial intent. See, e.g., Manaker v. Manaker, supra, 11 Conn. App. at 660-61. But the statutory terms at issue here are crystal clear, and there is, consequently, nothing to construe. Conn. Gen. Stat. 52-325(a) requires a lis pendens to contain the return day, and the lis pendens here completely fails to comport with this requirement. This is not like the defect waived in Manaker (service of the lis pendens on the defendant before rather than after the recording date). The defect here goes to the requisite contents of the lis pendens itself and cannot be overlooked. The defendants' Motion for Discharge of Invalid Notice of Lis Pendens (#115) must, therefore, be granted.
Because the lis pendens is discharged, the court lacks jurisdiction to entertain the plaintiff's action to foreclose upon its mechanic's lien. Bass Associates is emphatic that this defect is jurisdictional, and the jurisdiction it refers to is subject matter jurisdiction. "Subject-matter jurisdiction defines the competency of a court to render a valid judgment in a particular action." Morrison v. Steiner, 32 Ohio St.2d 86, 290 N.E.2d 841,842 (1972). See, e.g., Lauer v. Zoning Commission, 220 Conn. 455,461, 600 A.2d 310 (1991) (distinguishing "between statutorily CT Page 6091 required published notice to the general public and statutorily required personal notice to specific individuals"; a failure to give the former kind of notice is a subject matter jurisdictional defect in zoning cases). Here, as Bass Associates points out, "49-39 is not merely a limitation of the remedy, but is a limitation of the cause of action itself." 26 Conn. App. at 429. "Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." P.B. 145. The defendants' Motion to Dismiss (#114) must therefore be granted.
In conclusion, both the Motion to Dismiss (#116) and the Motion for Discharge of Invalid Notice of Lis Pendens (#115) are granted. The objection to these motions (#117.50) is overruled.
Dated at Waterbury, this 23rd day of June, 1992.
/s/ Blue, J. JON C. BLUE Judge of the Superior Court