[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Richard A. Banks Co., Inc. of Wilton, has brought a two count action against the defendants, Andrew G. Bradley and Edward G. Bradley, of South Norwalk. The first count claims that the plaintiff had an agreement with the defendants to furnish material and labor in connection with the renovation and construction of a building owned by the defendants on a "cost plus" basis. The complaint further alleges that a balance of approximately $15,000 is owed the plaintiff, and to secure said sum the plaintiff filed a mechanic's lien.
The second count alleges that the defendants agreed to "pay the plaintiff the value of the materials, labor and services provided," and that the reasonable value thereof was approximately $15,000. By way of an amendment dated February 22, 1990, the plaintiff added an allegation of unjust enrichment to this count. The second count also incorporates by reference paragraphs "6 through 8 of the First Count," which alleged the filing of the mechanic's lien, the service of a copy thereof on the defendants, and that the lien had not been paid. The demands for relief seek money damages, foreclosure of the lien, and possession of the premises, without distinction between the two counts.
The motion before the court is defendants' motion to dismiss (#135) filed on January 7, 1993. Defendants claim that this court lacks subject matter jurisdiction to hear plaintiff's cause of action because plaintiff failed to record a notice of lis pendens within one year from the date the mechanic's lien was recorded. CT Page 2792
On January 8, 1993, the day after the motion to dismiss was filed, plaintiff filed a request for leave to amend the complaint. The proposed amended complaint would delete any reference to the mechanic's lien in both counts as well as any claim for foreclosure of the lien or possession of the premises. Plaintiff filed its objection to defendants' motion to dismiss on January 19, 1993, claiming that defendants have waived their right to file a motion to dismiss. Plaintiff asserts that its amended complaint has eliminated any reference to the mechanic's lien and now contains only two claims — one for breach of contract and another for unjust enrichment. Therefore, plaintiff contends that this court has subject matter jurisdiction.
Defendants filed an objection to plaintiff's request for leave to amend on January 25, 1993. Defendants claim that by deleting the references to the mechanic's lien in both counts, the plaintiff has not plead a cause of action upon which relief can be granted.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the [nonmovant] cannot as a matter of law and fact state a cause of action that should be heard by the court." (Citation omitted.) Gurliacci v. Mayer, 218 Conn. 531,544, 590 A.2d 914 (1991). "In the absence of timely objection by the parties served to . . . alleged procedural defects, the ordinary rule is that the defects have been waived." (Citations omitted.) Morgan v. Brown, 219 Conn. 204, 208, 592 A.2d 925 (1991). "Whenever the absence of [subject matter] jurisdiction is brought to the notice of the court . . . cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movant is necessarily the exercise of jurisdiction." (Citations omitted.) Baldwin Piano Organ Co. v. Blake, 186 Conn. 295,297, 441 A.2d 183 (1982). "If the face of the record indicates that the court is without jurisdiction, the complaint must be dismissed." Upson v. State, 190 Conn. 622, 626,461 A.2d 991 (1983).
Defendants brought their motion to dismiss alleging a lack of subject matter jurisdiction prior to plaintiff's request to amend the complaint. Since the court's subject matter jurisdiction has been attacked, the court must dispose of the motion to dismiss. Practice Book 176 is a method by which a party may amend its complaint but is not a vehicle by which a party may correct a lack of subject matter jurisdiction once a motion to dismiss has been filed on that very issue. See Baldwin Piano, supra, 297. If the court does lack subject matter jurisdiction with respect to the CT Page 2793 original complaint, then the court would lack the power to act on the request for leave to amend such complaint. Therefore, the court cannot decide the request for leave to amend prior to a determination that subject matter jurisdiction exists.
"In Connecticut, a mechanic's lien is a creature of statute and establishes a right of action where none existed at common law." (Citation omitted.) H.G. Bass Associates v. Ethan Allen, Inc., 26 Conn. App. 426, 429, 601 A.2d 1040 (1992). "In order for a party to foreclose a mechanic's lien it must comply with the requirements of [General Statutes] 49-39. Compliance with 49-39
mandates that the part seeking to foreclose the lien must, within one year from the date the lien is recorded, (1) commence an action to foreclose the lien, and (2) record a notice of lis pendens." Id., 430; General Statutes 49-39. Where the statutory requirements of 49-39 are not met, the lien becomes invalid and is discharged as a matter of law. H.G. Bass, supra, 430; General Statutes 49-39. Where such a lien has been discharged as a matter of law, a court is without jurisdiction to enter an award that is predicated on the lien's validity. H.G. Bass, supra, 432.
At short calendar, plaintiff conceded that it failed to record a notice of lis pendens and that the lien had been discharged as a matter of law. The lien was an essential part of both counts of the original complaint as both include paragraphs alleging the existence of the mechanic's lien and request foreclosure of such lien and possession of the premises burdened with the lien. Because both counts of plaintiff's original complaint rely on the existence of a mechanic's lien, defendants' motion to dismiss the action for lack of subject matter jurisdiction is granted.
So Ordered.
Dated at Stamford, Connecticut, this 23rd day of March, 1993.
WILLIAM B. LEWIS, JUDGE