[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
CT Page 7253
On January 11, 1994, the plaintiff, Thomas J. Fisher d/b/a Fisher Skylights, Inc. ("Fisher"), filed a notice of lis pendens and a complaint for foreclosure of a mechanic's lien against the defendant, the Mashantucket Pequot Indian Tribe ("Tribe"). The plaintiff alleges the following facts. On June 17, 1993, Fisher and Architectural Fabricators entered a contract with the Tribe. The contract provided that Architectural Fabricators would "direct and/or renovate" the Mashantucket Pequot Community Center ("Community Center"). Also on June 17, 1993, Architectural Fabricators purchased materials from Fisher to be used in the renovation of the Community Center. Fisher's involvement in the project ended on June 17, 1993. Fisher alleges that it has filed and served on the Tribe, both a notice of intent to file a mechanic's lien and the lien itself. Because it has not received payment for the materials, Fisher now seeks to foreclose the mechanic's lien.
Fisher has attached several exhibits to the complaint, including: a copy of a deed showing that the Tribe is the owner of the property; copies of a bill of lading, an invoice and quotation for the job indicating that Fisher supplied the materials to Architectural Fabricators; and copies of the notice of intention to claim a mechanic's lien and the mechanic's lien that name the Community Center as owner of the property.
On March 21, 1994, the Tribe filed a motion to dismiss the complaint on the ground that the court lacks subject matter jurisdiction, accompanied by a memorandum of law. On April 21, 1994, Fisher filed a memorandum in opposition to the motion, and on April 27, 1994, the Tribe filed a reply memorandum.
Lack of subject matter jurisdiction may be raised by a motion to dismiss. Practice Book § 143. "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy." State v. Malkowski,189 Conn. 101, 103, 454 A.2d 275 (1983)
The Tribe first claims that the notice and mechanic's CT Page 7254 lien are defective because they name the Community Center, a building, rather than the Tribe as owner of the property. Fisher argues that the deed, which was handwritten in 1856, is barely legible and does not contain the word "Tribe" to establish the ownership of the property. Fisher contends that, although the deed does not contain the words "Community Center," the use of the word "Pequot" in all applicable documents gave the Tribe adequate notice of the lien.
 General Statutes § 49-34 provides in relevant part: A mechanic's lien is not valid, unless the person performing the services or furnishing the materials, (1) within ninety days after he has ceased to do so, lodges with the town clerk of the town in which the building, lot or plot of land is situated a certificate in writing. . . (A) describing the premises, the amount claimed as a lien thereon, the name or names of the person against whom the lien is being filed . . . .
Because the mechanic's lien statute has a remedial purpose, providing security for a contractor's labor and materials, the courts have liberally construed the provisions of the statute. J.C. Penney Props., Inc. v. Peter M. SantellaCo., 210 Conn. 511, 514, 555 A.2d 990 (1989). "Generosity of spirit does not, however, permit departure from reasonable compliance with the specific provisions of the statute." (Citations omitted.) Id. Where an error on the face of the mechanic's lien certificate was made in good faith, and the owner of the property has not claimed any prejudice resulting from that error, the court has validated the lien. See, e.g.,HS Torrington Associates v. Lutz Engineering Co., 185 Conn. 549,555-56, 441 A.2d 171 (1981) (subcontractor failed to state intent to file lien in copy of certificate filed on owner); Morici v. Jarvie, 137 Conn. 97, 102, 75 A.2d 47 (1950) (incorrect statement of amount due); Burque v. NaugatuckLumber Co., 113 Conn. 350, 353, 155 A. 414 (1931) (defective description); Westland v. Goodman, 47 Conn. 83, 86 (1879) (incorrect date of completion of work).
The plaintiff has provided, and research has revealed, no support for the validation of a certificate of mechanic's lien when a necessary statutory element was absent from the certificate. "Our interpretation, however, may not depart from reasonable compliance with the specific terms of the CT Page 7255 statute under the guise of a liberal construction." NickelMine Brook Assoc. v. Sakal, 217 Conn. 361, 365, 585 A.2d 1210
(1991).
The notice of intent to file a mechanic's lien and the mechanic's lien itself are addressed to the Mashantucket Pequot Community Center. The deed, which was attached to the complaint, states:
 Whereas the General Assembly of the State of Connecticut at the May Session A.D. 1855 Passed an act entitled "An Act relating to the Ledyard Pequot Indians and the Reservation of their property" and by . . . Act directs the County Court for the County of New London, at its June term A.D. 1855 to appoint a Committee to sell and convey the lands reserved by the State for the use of the Pequot Indians in Ledyard in said County excepting such land as said Committee shall in their opinion deem to be of use and benefit to said Tribe for their personal use and occupation, not exceeding two hundred acres in the whole so reserved. . . .
The deed indicates that the owner of the property is Tribe, whether referred to as the Mashantucket Pequot Indian Tribe, or the Pequot Indians of Ledyard. Accordingly, the court finds that by identifying a building as the owner in both the notice and the lien, Fisher has not complied with the clear requirements of the mechanic's lien statute. The mechanic's lien is not valid.
In granting a motion to dismiss for failure to comply with the filing requirements of General Statutes § 49-39, the Appellate Court stated that an invalid mechanic's lien is discharged as a matter of law. H.G. Bass Associates v. EthanAllen, Inc., 26 Conn. App. 426, 430, 601 A.2d 1040 (1992). "Where such a lien has been discharged as a matter of law, a court is without jurisdiction to enter an award that is predicated on the lien's validity." Richard A. Banks Co. v.Bradley, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 094968 (March 23, 1993 Lewis, J.), citing H.G. Bass Associates v. Ethan Allen, Inc., supra, 432. See also Monahan v. Godfrend, 8 CSCR 477 (April 20, 1994 Rush, J.) (motion to dismiss action to foreclose mechanic's lien granted where lien not filed within time period mandated by CT Page 7256 General Statutes § 49-34). Because the mechanic's lien in the present case is invalid, the court lacks jurisdiction to entertain the foreclosure action and the Tribe's motion to dismiss must be granted. Furthermore, because the motion to dismiss must be granted on this ground, it is unnecessary to consider the remaining grounds for the motion.
The motion is granted.