[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Ronald and Dorothy Erickson, have filed an Application to discharge or reduce a mechanic's lien filed against their property in Old Saybrook by Real Drywall, Inc. These proceedings are governed by Connecticut General Statutes §§ 49-35a
and 35b. Under § 49-35b(a) the lienor is first required to establish the existence of probable cause to sustain the validity of its lien. The property owner then has an opportunity to prove by clear and convincing evidence that "the validity of the lien should not be sustained or the amount of the lien claimed is excessive and should be reduced."
Connecticut General Statutes § 49-34 provides in pertinent part:
 Sec. 49-34. Certificate of lien to be recorded and notice given to owner. A mechanic's lien is not valid, unless the person performing the services or furnishing the materials, (1) within ninety days after he has ceased to do so, lodges with the town clerk of the town in which the building, lot or plot of land is situated a certificate in writing, which shall be recorded by the town clerk with deeds of land, (A) describing the premises, the amount claimed as a lien thereon, the name or names of the person against whom the lien is being filed and the date of the commencement of the performance of services or furnishing of materials . . .
Under § 49-34 a mechanic's lien is not valid unless it is filed within ninety days after the lienor has ceased performing services or furnishing materials. The mechanic's lien in question states that Real Drywall, Inc. ceased providing services on May 30, CT Page 9985-A 1994.
The completion date stated on the face of the lien is not necessarily determinative. Westland v. Goodman, 47 Conn. 83, 86
(1879). Therefore, the lienor is permitted to introduce evidence as to a completion date different from that stated on the face of the lien. Westland, supra.
The court finds that the lien in question was filed with the Old Saybrook Town Clerk on August 29, 1994. The last day on which Real Drywall, Inc. provided labor or material to the property in question was May 13, 1994. This finding is based on the testimony of Michael Pieretti, of Pieretti Business Systems, Inc., who was the general contractor who kept a log of which subcontractors were working on the property. It is also based on the invoice of Real; Drywall, Inc., which was sent out on May 17, 1994 and indicated that the contract work was entirely complete, well outside the ninety day lien period set forth in § 49-34.
Real Drywall, Inc. claims that it removed a scaffolding from the property on June 8, 1994 and that date should be considered as the date of completion. The mere removal of equipment or trivial work is not sufficient to extend the time for filing a mechanic's lien. Backros Inc. v. Davies, 2 Conn. Cir. Ct. 365 (1963); TheMartin Tire Rubber Co. v. the Kelly Tire Rubber Co., 99 Conn. 396
(1923). In The Martin Tire Rubber Co. the Court stated;
 [W]e should not upon this record be able to hold that the preparation for removal and the removal of petitioner's equipment from this building was the rendition of such service as would warrant the filing of a mechanic's lien or fix the date of the running of the lien.
Id. at 403.
This court is mindful that the mechanic's lien statutes are to be liberally construed. First Constitution Bank v. Harbor VillageLimited Partnership, 230 Conn. 807, 815 (1994). Therefore, errors on the face on the lien will generally not defeat a lien, particularly in a dispute between the owner and the lienor. If Real Drywall, Inc. had demonstrated that it had in fact ceased work on the property on a date after the completion date stated in the lien, the error in the lien would not defeat the lien. However, in order to find the lien in this case valid, the court would have to completely ignore the ninety day filing period which is CT Page 9985-B specifically set forth in the statute. This court is not willing to ignore the language of the statute in the guise of engaging in a liberal construction.
Based on the foregoing the lien is hereby ordered discharged.
By the Court, _____________________ Aurigemma, J.