[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#112)
The plaintiff, Laurelwood Landscape, Inc. (Laurelwood), filed a two-count revised complaint on March 24, 1995, against Yvonne DeFrancesco a/k/a Yvonne Micik (DeFrancesco), to foreclose a mechanic's lien against the defendant's property.
The defendant moves to dismiss the foreclosure action due to invalidity of the lien.
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in the original.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). A motion to dismiss "does not seek to introduce facts outside of the record . . . and admits all well pleaded facts, the complaint being construed most favorable to the plaintiff." American Laundry Machinery, Inc. v.CT Page 13436State, 190 Conn. 212, 217, 459 A.2d 1031 (1983).
Defendant argues that the mechanic's lien is invalid because it was not sworn to by the lienor and therefore does not meet with the requirements of General Statutes § 49-34.
Plaintiff responds that the validity of the mechanic's lien is not an issue pertaining to subject matter jurisdiction, but addresses the merits of the case. "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise of that power." Castro v. Viera,201 Conn. 420, 427, 541 A.2d 1216 (1988). "Because the mechanic's lien in the present case is invalid, the court lacks jurisdiction to entertain the foreclosure action and the . . . motion to dismiss must be granted." Fisher Skylights v. Mashantucket Pequot Indian,9 CSCR 843, 844 (July 11, 1994): see also H.G. Bass Associates,Inc. v. Ethan Allen, Inc., 26 Conn. App. 426, 432, 601 A.2d 1040
(1992).
Plaintiff next argues that the certificate is not properly before the court because it is not part of the record. "the motion to dismiss . . . invokes the existing record and must be decided upon that alone.'" Barde v. Board of Trustees, 207 Conn. 59, 62,539 A.2d 1000 (1988). Exhibits were filed on April 21, 1995. The exhibits contain a certified copy of the mechanic's lien at issue and are therefore part of the record.
Defendant argues that the lien was executed by the vice president of Laurelwood. The signature is preceded by the statement "IN WITNESS WHEREOF, I have hereunto set my hand this 29th day of October A.D., 1993." Following the signature is a notary's allegation that the lienor took an oath. General Statutes § 49-34(1)(C) provides that a mechanic's lien is invalid unless the lien is "subscribed and sworn to by the claimant." Defendant citesRed Rooster Construction Co. v. River Associates, Inc., 224 Conn. 563,620 A.2d 118 (1993), for the proposition that the notary's allegation is insufficient to validate the lien and that the lienor's signature must follow some form of affidavit that the affiant swears to the truth of the facts contained in the document. Id. Plaintiff responds that the holding in Red Rooster was based on additional factors, including testimony that the lien claimant did not in fact make the oath despite the notary's oath. The court held that, "[to] validate a mechanic's lien certificate without any evidence that the claimant performed some act or form of ceremony CT Page 13437 indicating that the claimant consciously undertook the obligation of an oath `would invite confusion, delay and uncertainty into an area where certainty and complete compliance with the statutory requirements are of paramount importance to interested parties and the general public.'" Id. at 579.
There is no evidence in this case that the claimant undertook the obligation of an oath. The claimant merely signed the document. Contrary to plaintiff's argument, the Red Rooster court did not mention whether the witness clause approximates an oath. Accordingly, the defendant's motion to dismiss is granted.
KARAZIN, J.