[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISMISS NO. 108
The plaintiffs, August Wildman and Rocco Pullo, filed a one-count complaint against the defendants, Robert C. Cook and Mary Allen Cook, on June 24, 1996.[1] The plaintiffs allege that they were building contractors who entered into a written agreement on October 10, 1995 with the defendant owners to build a home for the defendants. The plaintiffs further allege that the work called for under the agreement was substantially completed, but that the defendants defaulted in making due payments. As a result of the default, the plaintiffs filed a mechanic's lien on June 11, 1996 on the Fairfield land records.
On July 19, 1996, the defendants filed a "Motion For Stay [Of] Proceedings And For Reference To Arbitration," pursuant to General Statutes § 52.409.[2] The plaintiffs filed an objection to the motion for stay and reference to arbitration on August 15, 1996, arguing that arbitration was inappropriate because there were no arbitrable issues as to the mechanic's lien; that the arbitration clause was null and void because the parties did not mutually assent to its inclusion in the agreement; and that the plaintiffs waived the clause by the defendants' failure to acknowledge it. By order of the court, Rush, J., dated February CT Page 11794 25, 1997, the matter was to be set down for an evidentiary hearing to be held on March 21, 1997. The next pleading filed was a "Motion To Exempt From Dormancy," filed by the plaintiffs and dated May 13, 1997. Attached to the motion was a stipulation from the defendants dated March 26, 1996, agreeing that the matter should be exempt from dormancy until the arbitration issues were resolved.
The defendants filed the instant motion to dismiss on June 16, 1997, on the ground that the court lacks subject matter jurisdiction over this action because the plaintiffs failed to file a timely lis pendens to preserve the mechanic's lien recorded on June 11, 1996.[3] The plaintiffs filed an amended objection to the motion to dismiss on September 29, 1997, arguing that the motion to dismiss was filed in bad faith. Also on September 29, 1997, the plaintiffs filed a "Motion To File Notice of Lis Pendens Nunc Pro Tunc." The defendants filed a reply memorandum on October 8, 1997, relying on the same legal arguments raised by their June 16, 1997 motion to dismiss, but setting out additional facts for the court. The matter was heard by the court on September 22, 1997.
"[A] motion to dismiss is the proper vehicle to attack the jurisdiction of the court. A motion to dismiss essentially asserts that, as a matter of law and fact, the plaintiff cannot state a cause of action that is properly before the court." ThirdTaxing District v. Lyons, 35 Conn. App. 795, 803, 647 A.2d 32, cert. denied, 231 Conn. 936, 650 A.2d 173 (1994). "Motions to dismiss are granted solely on jurisdictional grounds." Malasky v.Metal Products Corp., 44 Conn. App. 446, 452, 689 A.2d 1145, cert. denied, 241 Conn. 906, 693 A.2d 293 (1997).
The defendants argue that the mechanic's lien filed by the plaintiffs on June 11, 1996, which the plaintiffs now seek to foreclose, is invalid and discharged as a matter of law because the plaintiffs failed to file the required notice of lis pendens pursuant to General Statutes § 49-39. The defendants argue that the court therefore has no subject matter jurisdiction over the plaintiffs' claim.
The plaintiffs argue that the March 21, 1997 hearing which was to take place in regards to the motion to stay and reference to arbitration was continued, because counsel for the defendants indicated that he would be unable to attend on that date. The plaintiffs claim that defense counsel agreed to reschedule the CT Page 11795 hearing as soon as possible, and that based on this assurance, the plaintiffs withheld from pursuing the foreclosure action to prevent any further expense from being incurred by the parties.[4] The plaintiffs argue that the hearing was never rescheduled, and that instead the defendants filed the instant motion to dismiss. The plaintiffs argue that the court has jurisdiction to render equitable relief. The plaintiffs also argue that the defendants' motion to dismiss should be denied because the defendants are seeking an equitable remedy with unclean hands. The plaintiffs further argue that in equitable proceedings, the court may consider all relevant circumstances to ensure that complete justice is done. Based upon these arguments, the plaintiffs have also moved the court for permission to file a notice of lis pendens nunc pro tunc. In essence, the plaintiffs argue that in an equitable proceeding, the court may provide a remedy even though the governing statute of limitations has expired.
In a reply memorandum, the defendants dispute the factual background supplied by the plaintiffs. The defendants argue that the plaintiffs have failed and refused to voluntarily engage in arbitration despite their contractual agreement to do so. The defendants' counsel does not recall making any representation that he would reschedule the arbitration hearing, and no further action was taken by either party. The defendants argue that from the recording of the mechanic's lien on June 11, 1996 until the defendants' request for a continuance of the arbitration hearing on March 20, 1997, the plaintiffs did not record the notice of lis pendens, and none was recorded after the continuance was obtained.
General Statutes § 49-39 provides in relevant part: "A mechanic's lien shall not continue in force for a longer period than one year after the lien has been perfected, unless the party claiming the lien commences an action to foreclose it . . . and records a notice of lis pendens in evidence thereof on the land records of the town in which the lien is recorded within one year from the date the lien was recorded. . . . Each such lien, after the expiration of the one-year period . . . without action commenced and notice thereof filed as aforesaid, shall be invalid and discharged as a matter of law." "In order for a party to foreclose a mechanic's lien it must comply with the requirements of § 49-39." H. G. Bass Associates, Inc. v. Ethan Allen, Inc.,26 Conn. App. 426, 430, 601 A.2d 1040 (1992). "Compliance with §49-39 mandates that the party seeking to foreclose the lien must, CT Page 11796 within one year from the date the lien is recorded, (1) commence an action to foreclose the lien, and (2) record a notice of lis pendens." Id. "In Connecticut, a mechanic's lien is a creature of statute[5] and establishes a right of action where none existed at common law." Id., 429. "It is the general rule that where a statute creates a right of action that did not exist at common law and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right; it is a limitation of the liability itself as created, and not of the remedy alone." Id. "[B]ecause General Statutes § 49-39
sets the time within which the action must be commenced, it conforms with the general rule and is thus a limitation on the right. The lien . . . is a creature of the statute, and the General Assembly, which created the right, may set a limit to the term of its existence. . . . The plain intent of this statute is to clear the title to the premises unless an action of foreclosure is brought within the time limited for the continuance of the lien. The phrase `no mechanic's lien shall continue in force' is conclusive." (Internal quotation marks omitted.) Id. "Thus, § 49-39 is not merely a limitation of the remedy, but is a limitation of the cause of action itself." Id.
It is clear that the motion to dismiss should be granted because as a matter of law the plaintiffs have failed to file the required notice of lis pendens within the statutory one year limitation. The foreclosure action is thereby required to be dismissed, in accordance with the intentions of the General Assembly in passing § 49-39, and the court will not alter the will of the legislature by exercising its equitable powers absent a specific indication from the General Assembly to do so.
It is also clear that the unclean hands doctrine is inapplicable to the facts of this case. "The doctrine of unclean hands expresses the principle that where a plaintiff seeks equitable relief, he must show that his conduct has been fair, equitable and honest as to the particular controversy in issue."Bauer v. Waste Management of Connecticut Inc., 239 Conn. 515,525, 686 A.2d 481 (1996). "Unless the [defendants'] conduct is of such a character as to be condemned and pronounced wrongful by honest and fair-minded people, the doctrine of unclean hands does not apply." Id. Here, the plaintiffs argue that the defendants assured them that a new hearing would be scheduled so that the arbitration issues could be decided. The plaintiffs claim that the defendants have acted unfairly by not rescheduling the hearing and then filing a motion to dismiss. However, it was the CT Page 11797 plaintiffs' responsibility to perfect the mechanic's lien upon which the foreclosure action is based within one year from the time of recordation, regardless of any ancillary proceedings concerning the enforceability of the arbitration clause in the written agreement. The statute of limitations in § 49-39 was not tolled by the request for arbitration, as any arbitration proceeding would still be premised on a valid underlying mechanic's lien. Thus, even if the defendants did represent to the plaintiffs that the defendants would reschedule the arbitration hearing, such a representation would not be condemned and pronounced wrongful by ordinary and fair-minded people, where the plaintiffs had an independent duty to preserve the cause of action that they had brought.[6]
Finally, that even if the court were to exercise its equitable powers, the plaintiffs themselves have failed and/or neglected to act to protect their own rights since the recordation of the mechanic's lien. The defendants have pointed to the fact that the plaintiffs might have been more vigilant and alert in ascertaining and protecting their legal rights. While equity does not require absolute efficiency of a plaintiff;Maganini v. Hodgson, 17 Conn. Sup. 9, 11, (1950); the court need not apply equitable principles where the plaintiffs merely had to file the notice of lis pendens within one year of the recordation of the mechanic's lien and failed to do so.
For the reasons set forth above the defendant's Motion to Dismiss is granted.
WEST, JUDGE