[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By an application filed June 7, 1990, the plaintiffs Anthony D. Atenasio and Sandra M. Atenasio (hereinafter "Plaintiffs") seek to discharge a mechanic's lien. The lien was placed by Modern Counter Tops Cabinets, Inc. (hereinafter "Modern") upon property currently owned by the plaintiffs.
The facts are as follows: Prior to April 29, 1989, Modern entered into an agreement with Cornerstone Building and Realty, Inc. (hereinafter "Cornerstone"). The agreement provided that Modern would install cabinetry at a house under construction on land then owned by Cornerstone. On or about April 29, 1989, Cornerstone contracted to sell the house to the plaintiffs. The sales contract included a $7,000.00 "allowance" for cabinetry. Modern began work on June 15, 1989 and installed kitchen cabinets on or about July 10, 1989. Bookcases were installed on or about August 25, 1989. At the closing it was discussed that a vanity had not been installed by mistake. This was done on November 13, 1989. The costs of the latter was 383.00 or about 1.5% of the total mechanic's lien amount. Modern sent Cornerstone three invoices for this work. On September 11, 1989, Cornerstone conveyed the property to plaintiffs CT Page 10807 and provided them with the following documents: a sworn lien waiver with the "signature" of Modern's president; a Chicago Title Insurance Company Mechanic's Lien Affidavit, and a Warranty Deed. (The "signature" on the lien waiver was found to be unauthorized and a forgery by the court on September 11, 1989). On or about February 6, 1990, Modern filed a lien upon the property in accordance with section 39-34 of the General Statutes in the amount of $21,276.00. On June 28, 1990, Modern faxed a copy of a Release of Mechanic's Lien to plaintiffs' counsel. Plaintiffs' counsel did not record the faxed copy.
"The purpose of a mechanic's lien is to give one who furnishes materials or services `the security of the building and land for the payment of his claim by making such claim a lien thereon. . . ."' H S Torrington Associates v. Lutz Engineering Co., 185 Conn. 549 553 (1981). (Citations omitted). "Because the mechanic's lien is a creature of statute, a lienor must comply with statutory requirements in order to perfect his claim." Id.
Section 49-34 of the General Statutes states in pertient part that:
 "[a] mechanic's lien is not valid, unless the person performing the services or furnishing the materials, (1) within ninety days after he has ceased to so do, lodges with the town clerk . . . a certificate in writing . . . ."
Nevertheless, if the work has been substantially completed, j "the courts have ruled that a lienor may not, by a delayed provision of some trivial amount of work or materials, extend the time for filing the lien. Martin Tire and Rubber Co. v. Kelly,99 Conn. 396, 399-400 (1923); Peck v. Brush, 90 Conn. 651, 656
(1916). . . ." Mandelker v. Quality Stairs, Inc., 2 CTLR 56, 58 (July 12, 1990, Hodgson, J.).
The plaintiffs argue that the ninety day statutory limitation section 49-34 for filing a mechanic's lien expired before February 6, 1990, when the lien was filed, because Modern's work was substantially completed by August 28, 1989. The court agrees. The installation of the bathroom vanity on November 13, 1989 was trivial and inconsequential constituting but 1.5% of the project. The work had been substantially done. In view of this holding, the court need not review the other claims of the parties.
The lien is ordered discharged. CT Page 10808
By the court;
CHARLES D. GILL JUDGE, SUPERIOR COURT.