[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION TO DISCHARGE OR REDUCEMECHANIC LIEN
The plaintiff Baker Properties Limited Partnership (Baker) has filed an application to discharge or reduce a Mechanics Lien filed against property owned by them and located at 60 Marsh Hill Road, Orange, Connecticut. The lien has been filed by the defendant CT Page 1275-GG American Buildings Company (ABC).
Baker as the owner of the subject property entered into a contract with Interior Technology Inc. (ITI) to replace the roof on the building at that location. ITI, on August 18, 1993 issued a purchase order to the defendant ABC for the prefabricated materials necessary to repair or replace the roof at a fixed price of $94,474.44.
The materials covered by the purchase order were shipped to the site in October 1993. The work on the project was substantially complete or completed during the month of December 1993 prior to Christmas. Nothing remained to be done on the original contract for which the materials from ABC had been delivered.
Subsequently, there were two addenda to the original contract between Baker and ITI dated February 10, 1994 and March 23, 1994. The addenda related to work to be performed on two penthouses and according to testimony did not relate in any way to the original project. The total cost of the materials for this new work amounted to $10,896.00. In relation thereto, there were four purchase orders CT Page 1275-HH from ITI to ABC for the Penthouse work. Two of the purchase orders were written orders dated April 12 and April 20 respectively. The remaining two were issued orally by telephone. The items and the invoices relating thereto were shipped to the site on April 15th for $121.64, on April 22nd for $238.50, on April 30th for $130.00 and on May 5th for $190.08 for a total of $680.22. All the invoices were paid.
The mechanics lien was recorded on July 28, 1994. For said lien to be effective it would have been necessary for the materials to have been furnished no later than April 29, 1994.
The material for the initial project was delivered and the work completed prior to Christmas 1993. If the court were to conclude that the initial contract was substantially complete at that time then the recording of a lien on July 28, 1994 was far beyond the 90 days set forth in Connecticut General Statutes § 49-34.
 "A mechanic's lien is not valid unless the person performing the services or furnishing the materials (1) within ninety days after he has ceased to do so, lodges CT Page 1275-II with the town clerk of the town in which the building, lot or plot of land is situated a certificate in writing, which shall be recorded by the town clerk with deeds of land. . . ."
The testimony of the plaintiff's own witness, Mr. Dansby of ABC, was that at the end of 1993 there was nothing left to be shipped on Exhibit B (the initial purchase order for the prefabricated roofing system.). He further testified that the items shipped in 1994 were not covered under the terms of the original contract, Exhibit 1. These items ms were shipped and paid for pursuant to the purchase orders issued during April or May. His testimony was that it was separate. While these subsequent items were for the same roof and were ordered as a result of the two addenda to the original contract (Exhibit 2) which addenda do refer specifically to the Standard Subcontract Agreement of August 11, 1993. (Exhibit 1) they were nevertheless unrelated to the original contract.
The initial invoice relating to the addenda was dated April 12, 1994 with the fourth and final invoice dated May 5, 1994. The CT Page 1275-JJ total amount involved was $680.22, less than 1% of the total project. In the case of Atenasio v. Modern Countertops Cabinets,Inc., 7 CSCR 120, (Jan. 27, 1992), Gill, J. found that subsequent work amounting to 1.5% of the total contract was too trivial or inconsequential to extend the time for filing a mechanics lien. These invoices were in fact paid in full. It is noteworthy that ABC made no effort to apply these funds to the older debt. Under cross examination, as indicated earlier, Mr. Dansby of ABC testified that at the end of 1993 there was nothing left to be shipped on the original contract. He testified further that the items shipped during 1994 were additional items and separate.
In The Martin Tire and Rubber Co. v. The Kelly Tire and RubberCo., 90 Conn. 396, 400, the court held:
 "No trivial or inconsequential service done after the substantial completion of the building will extend the time for claiming the lien or revive an expired lien when an unreasonable period has elapsed since the substantial completion. If the article furnished or the service rendered be trivial, but be required by the terms of the CT Page 1275-KK contract of building, this fact will be taken into consideration in determining whether the elapsed period be unreasonable or not. And `where a service is performed or material furnished at the request of the owner, it will extend the time for claiming a lien or will revive an expired lien as to a contract . . . substantially performed.' 35 LRA (N.S.) 904 note."
One cannot say that the additional materials furnished in April and May of 1994 were furnished to extend or revive an expired lien. They were furnished at the request of ITI as a result of the addenda entered into between them and Baker. The initial project was complete, although there are some leakage problems continuing to exist. Dansby testified that the initial project was complete. The evidence indicated that the subsequent work was for eight roofing curbs to handle two penthouses for ventilating systems. The initial contract was for a prefabricated roofing system.
The testimony indicated that the penthouses were a separate project. This is borne out by the fact that some weeks after the completion of the initial contract two separate agreements CT Page 1275-LL (Addenda, Exhibit 2) were entered into. The purchase orders issued as a result thereof were completed, the materials shipped and, the invoices therefrom were paid. The funds were applied to that specific work and not applied to the work done initially.
The plaintiff has failed to exercise its lien rights within the prescribed period of time. The mechanic's lien is dissolved.
The Court
By Curran, J.